EILEEN DECKER
United States Attorney
LAWRENCE MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
J. MARK CHILDS (Cal. Bar No. 162684)
Assistant United States Attorney
OCDETF Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:     (213) 894-2433
     Facsimile:     (213) 894-0142
     E-mail:   mark.childs@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-606-RGK |
|---|---|
| Plaintiff, | GOVERNMENT'S POSITION REGARDING SENTENCING FACTORS |
| v. | |
| ANDREW HARRISON KRAMER, | Sentencing Date: 1/25/16<br>Hearing Time:    1:00 p.m. |
| Defendant. | |

    Plaintiff United States of America, through its counsel of record, Assistant United States Attorney J. Mark Childs, hereby files its position regarding sentencing factors for defendant Andrew Harrison Kramer ("defendant").

    Consistent with the written plea agreement, the government recommends that defendant be sentenced to a term of imprisonment of **16 years** to be followed by seven years of supervised release.

    //
    //
    //

The government's sentencing position is based on the attached memorandum of points and authorities, the files and records in this case, and any additional argument or evidence it may present at sentencing.

Dated: December 29, 2015.          Respectfully submitted,


                                    /s/
                                   J. MARK CHILDS
                                   Assistant United States Attorney
                                   OCDETF Section

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I**

**Introduction**

On November 21, 2015, defendant Andrew Harrison Kramer ("defendant") pleaded guilty to a single count information that charged defendant with conspiracy to distribute a controlled substance, namely, marijuana, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).  As defendant admitted to conspiring to distribute more than 1000 kilograms of a mixture or substance containing a detectable amount of marijuana, defendant is subject to a 10 year mandatory minimum term of imprisonment.  See pg. 7 of Plea Agreement; PSR ¶ 21; 841(b)(1)(A)(vii)[a mandatory minimum sentence of 10 years imprisonment for conspiring to distribute more than 1000 kilograms of marijuana].

In his plea agreement with the government and during his guilty plea, defendant admitted that, between the years 2006 and 2013, defendant conspired with conspirators, in the Central District of California and elsewhere, to distribute marijuana.  Defendant and his associates committed acts, described in Exhibit 3 of the Plea Agreement and paragraphs 10 to 20 of the PSR, in furtherance of the charged conspiracy.

As part of the conspiracy, defendant admitted "that defendant, in fact, conspired to distribute over 3000 kilograms of a mixture or substance containing a detectable amount of marijuana" but less than 10000 kilograms.  See page 7 of the Plea Agreement; Exhibit 3 of the Plea Agreement; and PSR ¶ 21.

1

**II**

**Probation Office's Calculation of the Sentencing Guideline Factors**

The Probation Office prepared a presentence investigative report ("PSR") that determined that defendant's total offense level was 37 based on a base offense level of 32 (PSR at ¶¶ 27 to 28), a two-level increase for maintaining premises for the purpose of distributing marijuana pursuant to U.S.S.G. § 2D1.1(b)(12)(PSR at ¶ 30), a four-level increase for role (PSR at ¶¶ 33 to 34), two-level increase for defendant committing the offense as part of pattern of criminal conduct engage in as a livelihood pursuant to U.S.S.G. § 2D1.1(b)(14)(E), and a three-level reduction for acceptance of responsibility. See PSR at ¶¶ 23-39.

The government **disagrees** that defendant should receive a two level adjustment for defendant committing the offense as part of a pattern of criminal conduct engaged in as a livelihood pursuant to U.S.S.G. § 2D1.1(b)(14)(E).  Thus, the government believes that defendant's total offense level should be 35, **not** 37.

The PSR calculated a criminal history category of I.  PSR at ¶ 47.  The government agrees with the Probation Office's calculation of defendant's criminal history category.

**III**

**Government's Sentencing Recommendation**

*A. Offense Level Calculation*

Based on the factual basis in the plea agreement and the facts set forth herein and the PSR, as well as the application of the factors set forth in 18 U.S.C. § 3553(a), the government recommends a sentence to include a term of 16 years imprisonment followed by seven years of supervised release.

This sentence comports with the parties' plea agreement and adequately punishes defendant for the egregious conduct he engaged in.  Specifically, the following sentencing factors apply:

| | | |
|---|---|---|
| **Base Offense Level**: | 32 | [U.S.S.G. § 2D1.1(c)(4)] |
| **Role**: | +4 | [U.S.S.G. § 3B1.1] |
| **Maintain a Drug Premises**: | +2 | [U.S.S.G. ¶ 2D1.1(b)(12)] |
| **Acceptance**: | -3 | [U.S.S.G. § 3E1.1] |
| **Total Adjusted Offense Level:** | 35 | |

The corresponding sentencing range is 168 to 210 months.  The government's recommendation of 192 months (16 years), is, approximately, a mid-range sentence.

*B. Analysis of the Section 3553(a) Factors*

The 16-year sentence recommended by the United States takes into account the sentencing considerations set out in 18 U.S.C. § 3553(a).  Additionally, the sentence recommended by the government is reasonable within the meaning of Title 18, United States Code, Section 3553(a).  United States v. Booker requires the Court to consider the factors identified in Section 3553(a) when imposing sentence.  543 U.S. 220 (2005).  Among the factors to be considered are:  the nature and circumstances of the offense; the history and characteristics of the defendant; the need to protect the public from future crimes of the defendant; and the Sentencing Guidelines.  18 U.S.C. § 3553(a).

With respect to the nature and circumstances of the offense and the Sentencing Guidelines, the government's recommendation of 16 years' imprisonment, which falls at the mid-range of the applicable guidelines range, is both reasonable and appropriate.  See United

3

1  States v. Carty, 520 F.3d 984, 988 (9th Cir. 2008) ("a correctly
2  calculated Guidelines sentence will normally not be found
3  unreasonable on appeal").
4      Defendant undeniably committed serious offenses as he knowingly
5  and intentionally assisted in the distribution of kilogram quantities
6  of marijuana for over six years, and in the funding and financing of
7  drug trafficking operations.  In addition, defendant engaged in the
8  transfer of marijuana from California to other states.  Drug
9  trafficking is a societal problem that plagues not only this district
10 but the entire nation, and it is a scourge affecting many communities
11 and their families.  For these reasons, the guidelines offense level
12 corresponding to the amount of marijuana defendant conspired to
13 distribute scores at a level 32, a high offense level.  Thus, the
14 significant amount of marijuana that defendant trafficked makes clear
15 that a significant and meaningful term of imprisonment is warranted
16 to punish this crime adequately and deter its commission. Moreover,
17 defendant was the organizer and the leader of an extensive drug
18 trafficking operation.  For instance, defendant directed
19 coconspirators at various location in the distribution of marijuana
20 and to open bank accounts.  In addition, defendant distributed
21 marijuana to other states.  Accordingly, 16 year term of imprisonment
22 reflects the serious nature of defendant's crime.
23     With respect to defendant's history and characteristics, these
24 3553(a) considerations support the guidelines sentence recommended by
25 the United States.  Currently, defendant faces serious criminal
26 charges (attempted murder, assault with a deadly weapon not a
27 firearm, burglary, arson of an inhabited structure, and attempted
28 robbery).  See PSR at ¶ 49.  In addition, defendant has prior

criminal convictions for trespass (1994) and insurance fraud (2003).

Based on all of the above-mentioned factors and considerations, the government proposes a term of imprisonment of 16-years.  Such a sentence takes into account the offense conduct and defendant's criminal history, while providing a just punishment that promotes respect for the law.  Moreover, the requested sentence, which is tailored to fit defendant's major role in a significant drug trafficking conspiracy, will not only deter defendant from engaging in similar crimes but will also help deter others from engaging in serious drug trafficking activity.

**IV**

**LANGUAGE IN THE JUDGMENT**

Pursuant to negotiated terms of the plea agreement, the government requests the following:

(1) That the term of imprisonment imposed in this federal criminal case run concurrent to the term of imprisonment imposed or to be imposed against defendant by the state court in the case of People of the <u>State of California v. Andrew Kramer</u>, Superior Court for the State of California, County of Los Angeles, Case No. BA410217-01 ("Case No. BA410217-01").

(2) That the Court include in the judgment in this case the following statement or a similar statement, "the term of imprisonment in this federal criminal case shall run concurrent to the term of imprisonment imposed or yet-to-be imposed against defendant by the Superior Court for the States of California, County of Los Angeles, in the case of People of the <u>State of California v. Andrew Kramer</u>, Case

No. BA410217-01".

See Plea Agreement at ¶ 2(f), ¶ 3(e) and ¶ 15.  The government notes that defendant has not been sentenced in Case No. BA410217-01.  See PSR at ¶ 49. Nevertheless, the government recommends that Court in engage in the actions requested above.

## V

## CONCLUSION

The government recommends a sentence of:  (1) a special assessment of $100; (2) a 16-year term of imprisonment; and (3) a seven-year term of supervised release.  Consistent with the plea agreement, the government requests the following be included as terms and conditions of defendant's supervised release: not to engage in the sale, distribution, possession, or use of marijuana.  Plea Agreement at 2(m).

This sentence is appropriate because it accounts for the seriousness of the offenses, the need to promote respect for the law, the need to impose just punishment for the offense, and the need to afford adequate deterrence both to the defendant and on a general level.   18 U.S.C. § 3553(a)(2)(A) and (B).