THOMAS P. SLEISENGER
Law Offices of Thomas P. Sleisenger
1901 Avenue of the Stars, Suite 615
Los Angeles, California 90067
California State Bar #100254
Telephone: (310) 300-1314
Facsimile: (310) 861-0152
email: sleisengerlaw@yahoo.com

Counsel for Petitioners
Rosalinda Kramer, Stuart Kramer, M.D.
Blue Mountain Management & Marketing, Inc.
Private Funding Management, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 15-606-RGK |
| Plaintiff, ) | |
| ) | **PETITION FOR ANCILLARY** |
| vs. ) | **HEARING; DECLARATION OF** |
| ) | **CHRISTINE M. CROWELL;** |
| ANDREW KRAMER, ) | **EXHIBITS** |
| Defendant. ) | |
| ——————————— ) | |
| ROSALINDA KRAMER, ) | |
| STUART KRAMER, M.D., BLUE ) | |
| MOUNTAIN MANAGEMENT ) | |
| AND MARKETING, INC., ) | |
| PRIVATE FUNDING ) | |
| MANAGEMENT, INC., ) | |
| Petitioners. ) | |
| ——————————— ) | |

## TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEY'S OF RECORD:

Petitioners Rosalinda Kramer (hereinafter "R. Kramer"), Stuart Kramer, M.D. (hereinafter "S. Kramer, M.D."), Blue Mountain Management and Marketing, Inc., Rosalinda Kramer, President (hereinafter "Blue Mountain Management"), and Private Funding Management, Inc., Rosalinda Kramer,

President (hereinafter "Private Funding Management") hereby submit their third party petition pursuant to Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853(n) in this criminal forfeiture action, requesting a hearing and determination of the lack of forfeitability of their respective ownership interests and/or constructive or resulting trusts in the property and funds described as follows:

1.      All right, title and interest in the real property located at 11266 Chimineas Avenue, Northridge, California (hereinafter "the Chimineas Property")..

2.      All right, title and interest in the real property located at 620 West Hyde Park Boulevard, Unit 114, Inglewood, California (hereinafter "the Hyde Park Property").

3.      All right, title and interest in the real property located at 13250-13252 Foothill Boulevard, Los Angeles, California (hereinafter "the Foothill Property").

4.      All right, title and interest in the real property located at 11552 Cantlay Street, North Hollywood, California (hereinafter "the Cantlay Property").

5.      $171,980.37 seized from Branch Banking and Trust, Account Number XXXXXX-9375 (hereinafter "$171,980.37 seized from BB&T account").

6.      $79,375.00 in United States Currency (hereinafter "$79,375.00 in U.S. Currency").

7.      $525,752.70 in United States Currency (hereinafter "$525,752.70 in escrow funds").

On January 29, 2016, this Court issued a Preliminary Order of Forfeiture with respect to, *inter alia*, all right, title, and interest of defendant Andrew Kramer, in the Chimineas Property, the Hyde Park Property, the Foothill Property, the Cantlay Property, the $171,980.37 seized from the BB&T account,, the $79,375.00 in U.S. currency, and the $525,752.70 in escrow funds.

By letter dated February 16, 2016, the government notified petitioners of the

1  aforementioned Preliminary Order of Forfeiture. Pursuant to stipulation entered
2  into by and between the government and petitioners, the Court granted petitioners
3  an extension for filing the instant Petition to the date of March 31, 2016.

4  ### The Chimineas Property

5      Petitioners R. Kramer, S. Kramer, M.D., and Private Funding Management,
6  Inc., claim all right, title and interest in the Chimineas Property, more particularly
7  described as Lot 15 of Tract No. 28662, in the City of Los Angeles, State of
8  California, as per map recorded in book 733, pages 85 and 86 of maps, in the
9  office of the County Recorder of Los Angeles County, California, except
10  therefrom the oil, gas, minerals, and other hydrocarbon substances lying below the
11  surface of said land, as provided in deeds of record.

12      Petitioners R. Kramer and S. Kramer, M.D. also claim an interest in the
13  property as part of either a constructive or resulting trust based upon mortgage
14  payments made to either Surety Financial Services and/or Wells Fargo Bank, N.A.,
15  the latter being a successor beneficiary and current holder of a note and deed of
16  trust on the Chimineas Property. R. Kramer is a signatory to accounts that were
17  used to make payments to Wells Fargo Bank, N.A. (Exhibit 1).

18      Similarly, petitioners R. Kramer, S. Kramer, M.D., and Private Funding
19  Management, Inc., claim an interest in the property as part of either a constructive
20  or resulting trust based on payments made toward property insurance, property tax,
21  and payments to vendors who have either maintained or enhanced the value of the
22  property, as will be shown in any evidentiary hearing in this case. Id. A
23  constructive or resulting trust is a "legal" interest under 21 U.S.C. § 853(n)(6)(A).
24  See United States v. Nava, 404 F.3d 1119, 1130-31 (9th Cir. 2005); see also United
25  States v. $4,224,958.57 (Boylan), 392 F.3d 1002 (9th Cir. 2004); United States v.
26  Pegg, 782 F.2d 1498, 1500 (9th Cir.1986); California Civil Code §§ 2223-2224.
27  While petitioners' interest may have antedated or arisen at the same time as events
28  giving rise to the government's interest, a related interest under a constructive or

3

1   resulting trust, and payments made to the bank, derive from petitioners' interest

2   under 18 U.S.C. § 853(n)(6)(A), regardless of when that interest arose. See <u>United</u>

3   <u>States v. Wilson</u>, 659 F.3d 947, 954 (9th Cir. 2011); <u>United States v. Liquidators of</u>

4   <u>European Fed. Credit Bank</u>, 630 F.3d 1139, 1146 (9th Cir. 2011).

5         To the extent R. Kramer is responsible for making investments in the

6   property, S. Kramer, M.D. claims a community property interest. See <u>United</u>

7   <u>States v. Lester</u>, 85 F.3d 1409, 1412-13 (9th Cir. 1996).

8   **The Hyde Park Property**

9         Petitioners R. Kramer and, S. Kramer, M.D. claim all right, title and interest

10   in the Hyde Park Property, more particularly described, in pertinent part, as an

11   undivided 1.7% interest in Lot 1 of Tract No. 42100, in the City of Inglewood,

12   Condominium Unit 37, County of Los Angeles, State of California, as per map

13   recorded in book 999, pages 5 and 6 of maps, in the office of the County Recorder

14   of Los Angeles County, California, as well as easements, except therefrom the oil,

15   gas, minerals, and other hydrocarbon substances lying below a depth of 500 feet

16   from the surface of said property.

17         Petitioners R. Kramer and S. Kramer, M.D. also claim an interest in the

18   property as part of either a constructive or resulting trust based upon payments

19   made to escrow from Wells Fargo Bank Account No. XXXXXX-0202, as well as

20   payments made in homeowners association fees. (Exhibit 1).

21         Similarly, petitioners R. Kramer and S. Kramer, M.D. claim an interest in

22   the property as part of either a constructive or resulting trust based on payments

23   made toward property insurance, property tax, and payments to vendors who have

24   either maintained or enhanced the value of the property, as will be shown in any

25   evidentiary hearing in this case. <u>Id.</u> A constructive or resulting trust is a "legal"

26   interest under 21 U.S.C. § 853(n)(6)(A). See <u>United States v. Nava</u>, supra; see

27   also <u>United States v. $4,224,958.57 (Boylan)</u>, supra; <u>United States v. Pegg</u>, supra;

28   California Civil Code §§ 2223-2224.

4

1      To the extent R. Kramer is responsible for making investments in the

2 property, S. Kramer, M.D. claims a community property interest. See <u>United</u>

3 <u>States v. Lester</u>, supra.

### The Foothill Property

5      Petitioners R. Kramer, S. Kramer, M.D., Blue Mountain Management, and

6 Private Funding Management, claim all right, title and interest in the Foothill

7 Property, more particularly described as the Northwesterly 58 feet of Lot 7 of

8 Tract No. 5481, in the City of Los Angeles, County of Los Angeles, State of

9 California, as per map recorded in Book 71, Page 86 of maps, in the Office of the

10 County Recorder of said County.

11      Petitioners R. Kramer and S. Kramer, M.D. also claim an interest in the

12 property, as well as a constructive or resulting trust, based upon payments made to

13 escrow in the amount of $194,000 drawn from Franklin Money Fund and Branch

14 Banking & Trust ("BB&T") accounts in R. Kramer's name, as well as expenses

15 incurred in property tax and to various Los Angeles service providers and vendors.

16 At least one of the relevant BB&T accounts is a Blue Mountain Management

17 account. (Exhibit 2). A constructive or resulting trust is a "legal" interest under 21

18 U.S.C. § 853(n)(6)(A). See <u>United States v. Nava</u>, supra; see also <u>United States v.</u>

19 <u>$4,224,958.57 (Boylan)</u>, supra; <u>United States v. Pegg</u>, supra; California Civil Code

20 §§ 2223-2224.

21      On April 6, 2010, Deutsche Bank National Trust Company deeded the

22 Foothill Property to defendant Kramer. On May 10, 2010, defendant Kramer quit

23 claimed the property to Private Fund Management. (Exhibit 3).

24      To the extent R. Kramer is responsible for making investments in the

25 property, S. Kramer, M.D. claims a community property interest. See <u>United</u>

26 <u>States v. Lester</u>, supra.

27

28

### The Cantlay Property

Petitioners R. Kramer and S. Kramer, M.D. claim all right, title and interest in the Cantlay Property, more particularly described as Lot 26 of tract number 26674, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 760, pages 81 to 84 of maps, in the Office of the County Recorder of said county.

On or about February 25, 2010, U.S. Bank National Association, as trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WM3, asset backed pass-through certificates, series 2006-WMC3, conveyed the Cantlay Property by grant deed to defendant Kramer. On or about May 10, 2010, defendant Kramer conveyed the Cantlay Property by grant deed to co-petitioner Anahi Gutierrez. On or about the same date, co-petitioner Gutierrez conveyed the Cantlay Property by grant deed to Private Fund Management, which made reference to a promissory note for the benefit of Private Fund Management in the amount of $400,000. (Exhibit 4).

To the extent R. Kramer is responsible for making investments in the property, S. Kramer, M.D. claims a community property interest. See United States v. Lester, supra.

### $171,980.37 seized from BB&T Account

Petitioners R. Kramer, S. Kramer, M.D., and Blue Mountain Management claim all right, title and interest in the $171,980.37 seized from Branch Banking and Trust, Account No. XXXXXX-9375. The account was opened in or about January 2008 in the name of Blue Mountain Management and R. Kramer is listed as President, Secretary, Treasurer, and Director.

To the extent R. Kramer is responsible for making deposits into the BB&T account, S. Kramer, M.D. claims a community property interest. See United States v. Lester, supra.

1          **$79,375.00 in U.S. Currency**

2          Petitioners R. Kramer and S. Kramer M.D. claim all right, title and interest

3  in the $79,375.00 in U.S. Currency seized from R. Kramer's master bedroom

4  closet during the execution of a search warrant at their residence located in

5  Granada Hills, California on or about April 16, 2013. According to the DEA-6

6  Report of Investigation dated April 17, 2013, some of the subject currency was

7  found in "small bundles" contained in "shoes, hat boxes, and medicines." Other

8  bundles of the currency was "folded together and concealed throughout the

9  shelves." Finally, "[a] search of the residence did not reveal any other drug or

10 non-drug evidence." There was no indication in the report of a K-9 alert to the

11 presence of narcotics or controlled substances on any of the subject currency.

12 (Exhibit 5). In addition, some of the subject currency was found in envelopes with

13 notations made by R. Kramer indicating how some of the currency was expended.

14 Some of the subject currency was kept at the premises to pay vendors and workers

15 who came to the residence. Some of the subject currency was derived from cash

16 receipts from S. Kramer M.D.'s medical practice. Some of the subject currency

17 was gifted to R. Kramer from relatives, including her mother. The subject

18 currency was also kept at the residence as an emergency source of funds in the

19 event an Act of God caused banks and other financial institutions to shut down.

20 Much of the currency was collected and stored in anticipation of Y2K and

21 concerns of what could happen in the banking industry during the transition into

22 the new millennium. None of the money belonged to defendant Kramer, nor was

23 it derived from the illicit sale of marijuana.

24          To the extent the subject currency was given to R. Kramer, S. Kramer, M.D.

25 claims a community property interest. See United States v. Lester, supra.

26          **$525,752.70 in Escrow Funds**

27          Petitioners R. Kramer and S. Kramer, M.D. claim an interest in part of the

28 funds based either upon a constructive or resulting trust based on attorneys fees,

1  alternative dispute resolution fees, and related payments in relation to prosecuting

2  and settling a civil lawsuit entitled, Nevada Equity Partners v. Abikasis et al., Los

3  Angeles Superior Court No. LC 098845, ADRS Case No. 13-4676-DBZ.  A

4  spreadsheet containing a partial list of expenses is attached. (Exhibit 6).  The

5  lawsuit alleged fraud, intentional misrepresentation, negligent misrepresentation,

6  breach of fiduciary duty, conversion, money had and received, injunctive relief,

7  and constructive trust.  A constructive or resulting trust is a "legal" interest under

8  21 U.S.C. § 853(n)(6)(A).  See United States v. Nava, supra; see also United

9  States v. $4,224,958.57 (Boylan), supra; United States v. Pegg, supra; California

10  Civil Code §§ 2223-2224.  While petitioners' interest may have antedated or

11  arisen at the same time as events giving rise to the government's interest, a related

12  interest under a constructive or resulting trust, and payments made in connection

13  with the lawsuit derive from petitioners' interest under 18 U.S.C. § 853(n)(6)(A),

14  regardless of when that interest arose.  See United States v. Wilson, supra; United

15  States v. Liquidators of European Fed. Credit Bank, supra.

16      In or about March 2010, defendant Kramer and Michael Abikasis entered

17  into an agreement to develop a vacant lot located at 3420 Cordova Drive,

18  Calabasas, California (the "Cordova Property").  The agreement was formalized as

19  a joint venture called "The 3420 Cordova LLC."  The joint venture consisted of a

20  contribution of the Cordova Property by Abikasis and a contribution of $500,000

21  by defendant Kramer.  At completion, net profits were to be divided in two equal

22  parts.  When construction costs increased during the development phase,

23  defendant Kramer contributed an additional $250,000.  Following a contractual

24  dispute, defendant Kramer filed the aforementioned lawsuit in or about November

25  2012.  The lawsuit eventually settled according to the following terms: the

26  Cordova Property would be sold, $525,000 of the proceeds would go to defendant

27  Kramer, dba Nevada Equity Partners LLC, and the remaining proceeds would be

28  paid to the Abikasis family.  As previously stated, petitioners incurred expenses in

1    connection with recouping the Kramer family investments in the Cordova Property

2    venture.

3         In or about September 2013, the Cordova Property was sold for $3.2 million

4    and the proceeds were placed in an escrow account. Before defendant Kramer

5    could withdraw his interest, the escrow account was seized by the government.

6                               *        *        *

7         Petitioners have never been charged with any criminal conduct relating to

8    the underlying indictment in this case. Petitioners have a legal right, title, or

9    interest in all of the aforesaid real property and seized funds and such right, title,

10   or interest renders the Preliminary Order of Forfeiture invalid in whole or in part

11   because the right, title, or interest was vested in petitioners rather than defendant

12   Kramer or was superior to any right, title, or interest of defendant Kramer at the

13   time of the commission of acts which give rise to forfeiture of the property and

14   funds. Petitioners are also bona fide purchasers for value of the right, title and

15   interest in the real property and were at the time of the purchase of the aforesaid

16   properies reasonably without cause to believe that the properties were subject to

17   forfeiture under 18 U.S.C. § 982. See 21 U.S.C. § 853(n)(6)(A), (B).

18        Petitioners request an evidentiary hearing on their petition as provided in 21

19   U.S.C. § 853(n)(2).

20        Paragraph 3(f) of defendant Kramer's plea agreement specifically prohibits

21   the government from "criminally prosecuting" R. Kramer, S. Kramer, M.D., and

22   others "for violations of federal drug trafficking and money laundering laws

23   arising out of their conducting financial transactions or sales or marijuana . . . as

24   part of the operation of defendant Kramer's marijuana shops between the years

25   2009 and 2013." In One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693

26   (1965), the U.S. Supreme Court held that, for purposes of applying the Fourth

27   Amendment prohibition against unreasonable searches and seizures, "criminal

28   prosecutions" include criminal proceedings against individuals and forfeiture

1 proceedings against the individual's property. See Id. at 696-702. Although

2 "technically a civil proceeding," a forfeiture action "is in substance and effect a

3 criminal one." See Id. at 697; see also Boyd v. United States, 116 U.S. 616, 633-

4 634 (1886) ("[S]uits for penalties and forfeitures, incurred by the commission of

5 offenses against the law, are of this *quasi* criminal nature, . . . they are within the

6 reason of criminal proceedings for all the purposes of the Fourth Amendment of

7 the Constitution . . . ."). (emphasis in the original). The reasoning of Plymouth

8 and Boyd clearly apply to the instant ancillary proceeding.

9      Under the Rohrabacher-Farr federal spending amendment, Pub. Law No.

10 114-113, Div. B, Title 5, 542, and the Anti-Deficiency Act, 31 U.S.C. §1341, the

11 United States Department of Justice is prohibited from using federal funds to

12 enforce the Controlled Substances Act against individuals engaging in the use,

13 distribution, possession, or cultivation of medical marijuana pursuant to state law.

14 See, e.g., United States v. Marin Alliance for Medical Marijuana, No. C 98-00086

15 CRB, — F. Supp.3d — (2015), 2015 WL 6123062 (N.D. Cal. 10/19/2015).

16 (Exhibit 7). Considering the DOJ's own "enforcement priorities" as stated in the

17 August 29, 2013 DOJ Memorandum from Deputy Attorney General Cole to All

18 U.S. Attorneys, none of the activities described in this forfeiture action and in

19 defendant Kramer's plea agreement justify the government's use of its "limited

20 investigative and prosecutorial resources" to seek forfeiture of the real property

21 and seized funds identified in this petition.

22      Petitioners declare under penalty of perjury under the law of the United

23 States that the foregoing is true and correct.

24

25 Dated: March 30, 2016                           
ROSALINDA KRAMER
Petitioner

26

27 Dated: March 30, 2016

28                                   
STUART KRAMER, M.D.
Petitioner

1

2
Dated: March 30, 2016

3

4

5

6
Dated: March 30, 2016

7

8

9      Attorney Thomas P. Sleisenger is duly authorized to make this petition for
relief.

10
Dated: March 30, 2016

11

12

13

BLUE MOUNTAIN MANAGEMENT
AND MARKETING, INC., Rosalinda
Kramer, President
Petitioner

PRIVATE FUNDING MANAGEMENT,
INC., Rosalinda Kramer, President
Petitioner

THOMAS P. SLEISENGER
Counsel for Petitioners
ROSALINDA KRAMER, STUART
KRAMER, M.D., BLUE MOUNTAIN
MARKETING & MANAGEMENT, INC.,
PRIVATE FUNDING MANAGEMENT,
INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CHRISTINE M. CROWELL

I, Christine M. Crowell, declare:

I am a resident of the County of Los Angeles. I am over the age of 18 and not a party to this action. I make the following declaration of my own personal knowledge. If called as a witness to testify in any court proceeding, I could and would competently testify to each of the facts set forth below.

On March 25, 2016, I navigated to the Nevada Secretary of State's website at the following URL: *https://www.nvsilverflume.gov/businessSearch* On the home page, in the search box, I typed the name, ***"Blue Mountain Management and Marketing Inc."*** The results listed Rosalinda L. Kramer as the Corporation's President, Secretary, Treasurer, and Director from 5/21/1992 to the present. A copy of the said document is hereto attached.

On March 28, 2016, I navigated to the Nevada Secretary of State's website at the following URL: *https://www.nvsilverflume.gov/businessSearch* On the home page, in the search box, I typed the name, "***Private Funding Management Corporation."*** The results listed Rosalinda L. Kramer as the Corporation's President, Secretary, Treasurer, and Director from 3/17/2006 to the present. A copy of the said document is hereto attached.

I declare under the penalty of perjury the foregoing is true and correct.

Executed this 28th day of March 2016, at Los Angeles, California.

CHRISTINE M. CROWELL

Entity Details - Secretary of State, Nevada

3/29/16, 1:11 PM

# BLUE MOUNTAIN MANAGEMENT AND MARKETING, INC.

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Active | File Date: | 5/21/1992 |
| Type: | Domestic Corporation | Entity Number: | C5315-1992 |
| Qualifying State: | NV | List of Officers Due: | 5/31/2016 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV19921038036 | Business License Exp: | 5/31/2016 |

## Additional Information

| | |
|---|---|
| Central Index Key: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | SILVER SHIELD SERVICES, INC. | Address 1: | 4590 DEODAR ST |
| Address 2: | | City: | SILVER SPRINGS |
| State: | NV | Zip Code: | 89429 |
| Phone: | | Fax: | |
| Mailing Address 1: | P O BOX 3540 | Mailing Address 2: | |
| Mailing City: | SILVER SPRINGS | Mailing State: | NV |
| Mailing Zip Code: | 89429 | | |
| Agent Type: | Commercial Registered Agent - Corporation | | |
| Jurisdiction: | NEVADA | Status: | Active |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 25,000.00 | Capital Amount: | $ 0 |

**No stock records found for this company**

## Officers                          ☐ Include Inactive Officers

**President - ROSALINDA L KRAMER**

| | | | |
|---|---|---|---|
| Address 1: | PO BOX 3540 | Address 2: | |
| City: | SILVER SPRINGS | State: | NV |
| Zip Code: | 89429 | Country: | USA |
| Status: | Active | Email: | |

000014

| Secretary - ROSALINDA L KRAMER | | | |
|---|---|---|---|
| Address 1: | PO BOX 3540 | Address 2: | |
| City: | SILVER SPRINGS | State: | NV |
| Zip Code: | 89429 | Country: | USA |
| Status: | Active | Email: | |

| Treasurer - ROSALINDA L KRAMER | | | |
|---|---|---|---|
| Address 1: | PO BOX 3540 | Address 2: | |
| City: | SILVER SPRINGS | State: | NV |
| Zip Code: | 89429 | Country: | USA |
| Status: | Active | Email: | |

| Director - ROSALINDA L KRAMER | | | |
|---|---|---|---|
| Address 1: | PO BOX 3540 | Address 2: | |
| City: | SILVER SPRINGS | State: | NV |
| Zip Code: | 89429 | Country: | USA |
| Status: | Active | Email: | |

## — Actions\Amendments

| Action Type: | Articles of Incorporation | | |
|---|---|---|---|
| Document Number: | C5315-1992-001 | # of Pages: | 3 |
| File Date: | 5/21/1992 | Effective Date: | |
| (No notes for this action) | | | |

| Action Type: | Registered Agent Change | | |
|---|---|---|---|
| Document Number: | C5315-1992-003 | # of Pages: | 1 |
| File Date: | 7/25/1995 | Effective Date: | |

CHASE INDEX INC. SUITE 111-W

4550 WEST OAKEY BLVD. LAS VEGAS NV 89102 SRH

| Action Type: | Registered Agent Change | | |
|---|---|---|---|
| Document Number: | C5315-1992-004 | # of Pages: | 1 |
| File Date: | 8/1/1995 | Effective Date: | |

FAR WEST LEGAL SERVICES, INC. SUITE 111-W

4550 WEST OAKEY BLVD. LAS VEGAS NV 89102 ALH

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | C5315-1992-012 | # of Pages: | 1 |
| File Date: | 5/7/1998 | Effective Date: | |
| (No notes for this action) | | | |

Entity Details - Secretary of State, Nevada

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | C5315-1992-010 | # of Pages: | 1 |
| File Date: | 5/19/1999 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | C5315-1992-011 | # of Pages: | 1 |
| File Date: | 5/16/2000 | Effective Date: | |

(No notes for this action)

| Action Type: | Registered Agent Change | | |
|---|---|---|---|
| Document Number: | C5315-1992-005 | # of Pages: | 1 |
| File Date: | 9/19/2000 | Effective Date: | |

**FAR WEST LEGAL SERVICES, INC. SUITE 111-W**

**4550 WEST OAKEY BLVD. LAS VEGAS NV 89102 NEH**

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | C5315-1992-008 | # of Pages: | 2 |
| File Date: | 9/18/2001 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | C5315-1992-007 | # of Pages: | 1 |
| File Date: | 6/11/2002 | Effective Date: | |

(No notes for this action)

| Action Type: | Registered Agent Change | | |
|---|---|---|---|
| Document Number: | C5315-1992-006 | # of Pages: | 1 |
| File Date: | 11/18/2002 | Effective Date: | |

**FAR WEST LEGAL SERVICE INC. RXS**

**4455 SOUTH PECOS RD #C(FW) LAS VEGAS NV 89121 RXS**

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | C5315-1992-009 | # of Pages: | 1 |
| File Date: | 10/7/2003 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | C5315-1992-002 | # of Pages: | 1 |
| File Date: | 4/26/2004 | Effective Date: | |

**List of Officers for 2004 to 2005**

| Action Type: | Annual List | | |
|---|---|---|---|

Entity Details - Secretary of State, Nevada

3/29/16, 1:11 PM

| | | | |
|---|---|---|---|
| **Document Number:** | 20050282440-07 | **# of Pages:** | 1 |
| **File Date:** | 7/1/2005 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Annual List | | |
| **Document Number:** | 20060253740-49 | **# of Pages:** | 1 |
| **File Date:** | 4/20/2006 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Registered Agent Address Change | | |
| **Document Number:** | 20070076025-49 | **# of Pages:** | 34 |
| **File Date:** | 1/31/2007 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Annual List | | |
| **Document Number:** | 20070304781-42 | **# of Pages:** | 1 |
| **File Date:** | 4/27/2007 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Registered Agent Address Change | | |
| **Document Number:** | 20070460810-08 | **# of Pages:** | 15 |
| **File Date:** | 7/2/2007 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Annual List | | |
| **Document Number:** | 20080374139-57 | **# of Pages:** | 1 |
| **File Date:** | 5/29/2008 | **Effective Date:** | |
| (No notes for this action) | | | |
| **Action Type:** | Annual List | | |
| **Document Number:** | 20090389794-11 | **# of Pages:** | 1 |
| **File Date:** | 4/28/2009 | **Effective Date:** | |
| 09-10 | | | |
| **Action Type:** | Annual List | | |
| **Document Number:** | 20100292177-21 | **# of Pages:** | 1 |
| **File Date:** | 4/14/2010 | **Effective Date:** | |
| 10-2011 | | | |
| **Action Type:** | Annual List | | |
| **Document Number:** | 20110409773-54 | **# of Pages:** | 1 |
| **File Date:** | 5/31/2011 | **Effective Date:** | |
| 11/12 | | | |

000017

Entity Details - Secretary of State, Nevada

3/29/16, 1:11 PM

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20120390950-11 | # of Pages: | 1 |
| File Date: | 5/31/2012 | Effective Date: | |

12-13

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20130363532-08 | # of Pages: | 1 |
| File Date: | 5/31/2013 | Effective Date: | |
| (No notes for this action) | | | |

| Action Type: | Reinstatement | | |
|---|---|---|---|
| Document Number: | 20150428369-30 | # of Pages: | 1 |
| File Date: | 9/25/2015 | Effective Date: | |
| (No notes for this action) | | | |

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20150428370-62 | # of Pages: | 1 |
| File Date: | 9/25/2015 | Effective Date: | |
| (No notes for this action) | | | |

| Action Type: | Acceptance of Registered Agent | | |
|---|---|---|---|
| Document Number: | 20150428372-84 | # of Pages: | 1 |
| File Date: | 9/25/2015 | Effective Date: | |
| (No notes for this action) | | | |

000018



**SilverFlume**
NEVADA'S BUSINESS PORTAL

# PRIVATE FUNDING MANAGEMENT CORPORATION

**Business Entity Information**

| | | | |
|---|---|---|---|
| Status: | **Active** | File Date: | **03/17/2006** |
| Type: | **Domestic Corporation** | Entity Number: | **E0201552006-8** |
| Qualifying State: | **NV** | List of Officers Due: | **03/31/2016** |
| Managed By: | | Expiration Date: | |
| Foreign Name: | | On Admin Hold: | **No** |
| NV Business ID: | **NV20061571828** | Business License Exp: | **03/31/2016** |

**Additional Information**

| | |
|---|---|
| | Central Index Key |

**Registered Agent Information**

| | | | |
|---|---|---|---|
| Name: | **SILVER SHIELD SERVICES, INC.** | Address 1: | **4590 DEODAR ST** |
| Address 2: | | City: | **SILVER SPRINGS** |
| State: | **NV** | Zip Code: | **89429** |
| Phone: | | Fax: | |
| Mailing Address 1: | **P O BOX 3540** | Mailing Address 2: | |
| Mailing City: | **SILVER SPRINGS** | Mailing State: | **NV** |
| Mailing Zip Code: | **89429** | | |
| Agent Type: | **Commercial Registered Agent - Corporation** | | |
| Jurisdiction: | **NEVADA** | Status: | **Active** |

View all business entities under this registered agent ()

**Financial Information**

| | | | |
|---|---|---|---|
| No Par Share Count: | **25,000** | Capital Amount: | **$ .00** |

**Officers**

Include Inactive Officers

**President - ROSALINDA KRAMER**

| | | | |
|---|---|---|---|
| Address 1: | **1489 W WARM SPRINGS RD BOX 110-1F** | Address 2: | |
| City: | **HENDERSON** | State: | **NV** |
| Zip Code: | **89014** | Country: | **USA** |
| Status: | **Active** | Email: | |

**Secretary - ROSALINDA KRAMER**

| | | | |
|---|---|---|---|
| Address 1: | **1489 W WARM SPRINGS RD BOX 110-1F** | Address 2: | |
| City: | **HENDERSON** | State: | **NV** |
| Zip Code: | **89014** | Country: | **USA** |
| Status: | **Active** | Email: | |

**Treasurer - ROSALINDA KRAMER**

| | | | |
|---|---|---|---|
| Address 1: | **1489 W WARM SPRINGS RD BOX 110-1F** | Address 2: | |
| City: | **HENDERSON** | State: | **NV** |
| Zip Code: | **89014** | Country: | **USA** |
| Status: | **Active** | Email: | |

**Director - ROSALINDA KRAMER**

| | | | |
|---|---|---|---|
| Address 1: | 1489 W WARM SPRINGS RD BOX 110-1F | Address 2: | |
| City: | HENDERSON | State: | NV |
| Zip Code: | 89014 | Country: | USA |
| Status: | Active | Email: | |

**Actions\Amendments**

Click here to view 16 actions\amendments associated with this company ()

Supported Internet Browser versions or above: Apple iOS 9, Internet Explorer 11, FireFox 45, Google Chrome 49

Disclaimer

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: CR 15-606-RGK |
| Plaintiff, ) | |
| vs. ) | Declaration of Service |
| ANDREW KRAMER, ) | |
| Defendant. ) | |

| |
|---|
| ROSALINDA KRAMER, ) |
| STUART KRAMER, M.D., BLUE ) |
| MOUNTAIN MANAGEMENT ) |
| AND MARKETING, INC., ) |
| PRIVATE FUNDING ) |
| MANAGEMENT, INC., ) |
| Petitioners. ) |

I, Thomas P. Sleisenger, am over the age of 18 and not a part to the within action. My business address is 1901 Avenue of the Stars, Suite 615, Los Angeles, California 90067.

On March 30, 2016, I served the foregoing documents described as **Petition For Ancillary Hearing** on the interested parties in the above entitled action by CM/ECF filing, electronic mail, U.S. mail and/or personal delivery as follows:

Jonathan Galatzan
Assistant United States Attorney
Asset Forfeiture Section
United States Attorney's Office
312 North Spring Street, 14th Floor
Los Angeles, California 90012

Jason A. Savlov
RCO Legal, P.S.
2121 Alton Parkway, Suite 110
Irvine, CA 92606

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 30, 2016, at Los Angeles, California.

THOMAS P. SLEISENGER