EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN
California Bar No. 190414
Assistant United States Attorney
Asset Forfeiture Section
     Federal Courthouse, 14th Floor
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2727
     Facsimile: (213) 894-7177
     E-mail:  Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | No. CR 15-00606-RGK |
|---|---|
| Plaintiff, | **GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS ANCILLARY PROCEEDING** |
| v. | |
| ANDREW KRAMER, | Hearing Date:  June 13, 2016<br>Hearing Time:  1:30 p.m.<br>Courtroom:  850 |
| Defendant. | Honorable R. Gary Klausner |

/ /

/ /

/ /

/ /

/ /

/ /

/ /

1

# GOVERNMENT'S OPPOSITION TO PETITIONERS' MOTION TO DISMISS ANCILLARY PROCEEDING

## I. INTRODUCTION

In their Motions to Dismiss the Ancillary Proceedings, petitioners Anahi E. Gutierrez, Rosalinda Kramer, Stuart Kramer, M.D., Blue Mountain Management and Marketing, Inc., Rosalinda Kramer, President, and Private Funding Management, Inc., Rosalinda Kramer, President ("petitioners") argue that the ancillary proceedings should be dismissed on the grounds that (1) under the Rohrabacher-Farr federal spending amendment, Pub. Law No. 114-113, Div. B, Title 5, 542, and the Anti-Deficiency Act, 31 U.S.C. § 1341, the United States Department of Justice is prohibited from using federal funds to enforce the Controlled Substances Act and seek forfeiture of petitioners' property and funds; (2) Paragraph 3(f) of Defendant Andrew Kramer's plea agreement in this matter specifically prohibits the government from seeking forfeiture of petitioners' property and funds; and (3) the ancillary hearing is not properly initiated because the forfeiture provision is not contained in the underlying information.

All of petitioners' arguments fail as a matter of law as they are attacks on the underlying conviction of Defendant Andrew Kramer and the finding by the Court that Defendant Andrew Kramer's interest in certain property is subject to forfeiture based on Defendant Andrew Kramer's guilty plea to a one count information. Petitioners have no standing to challenge the findings of the Court as to the propriety of the conviction of Defendant Andrew Kramer or the order that his interests in certain property be forfeited.

## II. PETITIONERS ARGUMENTS FAIL AS A MATTER OF LAW

### A. Petitioners arguments regarding the Rohrbacher-Farr federal spending amendment are not properly raised in the ancillary proceeding

Petitioners argue that under the Rohrabacher-Farr federal spending amendment, Pub. Law No. 114-113, Div. B, Title 5, 542, and the Anti-Deficiency Act, 31 U.S.C. § 1341, the United States Department of Justice is prohibited from using federal funds to

enforce the Controlled Substances Act and seek forfeiture of petitioners' property and funds.

While the Government disagrees that the Rohrbacher-Farr amendment affects this case, it is not necessary for the Court to even address the merits of that issue in this ancillary proceeding.

The ancillary proceeding is governed by 21 U.S.C. § 853, which allows *only two* avenues of relief, requiring that a petitioner show by a preponderance of the evidence that either:

1. (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under section 853; or

2. (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under section 853.

"A third party has no right to challenge the preliminary order's finding of forfeitability; rather, the third party is given an opportunity during the ancillary proceeding to assert any ownership interest that would require amendment of the order." *United States v. Andrews*, 530 F.3d 1232, 1236–37 (10th Cir.2008). "If the property really belongs to the third party, he will prevail and recover his property whether there were defects in the criminal trial or the forfeiture process or not; and if the property does not belong to the third party, such defects in the finding of forfeitability are no concern of his." *Id.* at 1237 (brackets, ellipsis, and citation omitted).

Petitioners' argument that the spending amendment bars the "continued prosecution" of Defendant Andrew Kramer and this ancillary proceeding, shows a fundamental misunderstanding of the purpose of the ancillary proceeding. In entering the Preliminary Order of Forfeiture, the Court ordered the forfeiture of Defendant

Andrew Kramer's interest in the property sought to be forfeited by the Government. (Docket # 36.) The forfeiture case as to Defendant Andrew Kramer is complete. All that is left is for the Court to determine whether, as *Andrews* states, "the property really belongs to the third party." If the property really belongs to Defendant Andrew Kramer, then whether the forfeiture is barred by the spending amendment is of no concern to petitioners (nor do they have standing to raise this argument on Defendant Andrew Kramer's behalf). If, however, the Court finds that the property really belongs to petitioners, then the order of forfeiture will be amended to reflect that finding and the property will not be criminally forfeited to the Government. Either way, whether the spending amendment bars the criminal prosecution of Defendant Andrew Kramer is not relevant to these ancillary proceedings.

**B.     The Government is not seeking to forfeit the petitioners' interests in any properties**

Petitioners next argue that the Government is barred from seeking the forfeiture of the property and funds at issue because of the language of a plea agreement to which petitioners were not parties. The Government, in this ancillary proceeding, cannot and does not seek to forfeit the petitioners' interests in any property, as those interests are defined by 21 U.S.C. § 853(n). Criminal forfeiture proceedings are *in personam* – only the interests of the guilty defendant may be forfeited. In this case, the Government has already secured a Preliminary Order of Forfeiture against the interests of Defendant Andrew Kramer in the seized properties. Before a Final Order of Forfeiture may be entered, the Court must determine whether any other persons have a superior legal interest in the properties. Petitioners have claimed that they had a legal interest in the properties that was superior to that of Defendant Andrew Kramer. They bear the burden of proof on that issue. If, after a hearing on the petitions, the Court finds that the petitioners have not proven by a preponderance of the evidence that they have a superior legal interest in the properties, the Final Order of Forfeiture will be entered and title to the properties will pass to the Government. If the Court finds that the petitioners have

met their burden, the properties will not be criminally forfeited, but that result will flow from the fact that Defendant Andrew Kramer was not the owner of the assets at issue. In making this argument, Petitioners rely on a portion of the plea agreement between the Government and Defendant Andrew Kramer in which the Government agreed to "not criminally prosecute Rosalinda Kramer, Stuart Kramer, Anahi E. Gutierrez and Christine Beatie for violations of federal drug trafficking and money laundering laws arising out of their conducting financial transactions or sales of marijuana . . ." (Docket #7 at page 6.) Petitioners make the facially ridiculous argument that *their* having come forward in these ancillary proceedings to claim an interest in the property criminally forfeited from Defendant Andrew Kramer, constitutes a breach of the plea agreement *by the Government*.

Petitioners argue that "the ancillary hearing is quasi-criminal in nature and, as such, is barred under the terms of Andrew Kramer's plea agreement." They then proceed to make the ridiculous argument that because the ancillary proceeding is part of a criminal case, the Petitioners are somehow being prosecuted. Petitioners site no authority for this argument because there is none. None of the petitioners has been charged with any crime; none was summoned into this case; there are no pending criminal charges; and the Government has made no formal allegations that any of the petitioners has committed an illegal act.

Ancillary proceedings are so-named because they are *ancillary* to the criminal prosecution that results in the entry of the preliminary order of forfeiture. They give *non-defendants* the opportunity to come forward and attempt to prove that the property sought for forfeiture does not in fact belong to the convicted defendant. It is not a forum for re-litigating the legal or factual basis for the preliminary order, and the Government is not required to demonstrate that a petitioner committed any illegal act. While the ancillary proceeding is clearly *adversarial*, it is not *prosecutorial* in any sense. Even if petitioners had standing to assert affirmative rights under an agreement to which they were not parties, it could not be more clear that these proceedings cannot possibly

1  constitute a criminal prosecution.  At no time, and in no manner, does Defendant
2  Andrew Kramer's plea agreement with the Government affect the interests of the
3  petitioners or prohibit the Government from defending against the petitioners' claims in
4  the ancillary proceeding.  Any argument otherwise defies the language of 21 U.S.C. §
5  853 and the purpose of the ancillary proceedings.

### C. The ancillary hearing was properly initiated

Finally, petitioners argue that the ancillary hearing was not properly initiated because forfeiture language was not contained in the underlying Information.

As stated above, petitioners cannot challenge the forfeitability of Defendant Andrew Kramer's interest in the properties in the ancillary proceeding, nor do they have standing to raise any defenses to the criminal prosecution or conviction.  Even if they could raise such arguments, Andrew Kramer specifically waived any claims regarding the inclusion of notice of forfeiture in the Information.  *See* Docket #7 at Paragraph 2.(o)(i).  In the plea agreement entered into, Defendant Andrew Kramer agreed to "waive prior notice of forfeiture through the charging document (Information) in this case."

To the extent that petitioners allege that the failure to include notice of the forfeiture in the Information harms their interests or their ability to successfully prove their case, petitioners identify no factual or legal authority to support this claim, but instead state that as a result they "may be hard pressed to seek an order requiring the government to identify the nexus between the property and funds and the offense of conviction."  (Motion at page 22.)  Petitioners do not explain, however, how a notice in the Information would have provided this evidence to them.  Indeed, the best evidence of the referenced nexus is the admission of Defendant Andrew Kramer that the properties were proceeds of his narcotics trafficking.  *See* Docket # 7 at paragraph 2.(o)(i) ("Defendant further agrees the forfeitable Assets are the proceeds of narcotics trafficking as set forth in the single count Information.")

Even if Defendant Andrew Kramer had not specifically waived the notice of forfeiture in the Information, that failure does not affect the question of whether

petitioners can prove a superior legal interest pursuant to 21 U.S.C. § 853, the sole issue to be decided in the ancillary proceeding.

### D. The Government has not failed to respond to discovery

At pages 3, 9, and 22 of their moving papers, petitioners state that the Government has failed to respond to formal discovery in this case. Formal discovery in this case was not served on the Government until May 16, 2016, *the same date the petitioners' motion was filed*. As discovery responses are not due to be served until June 20, 2016, the Government has not failed to respond.

## III. CONCLUSION

Based on the above, it is respectfully requested that petitioners' motion to dismiss the ancillary proceeding be denied.

DATED: May 23, 2016

Respectfully submitted,

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


   /s/Jonathan Galatzan
JONATHAN GALATZAN
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA