EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN
California Bar No. 190414
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2727
    Facsimile: (213) 894-7177
    E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW KRAMER,<br><br>    Defendant. | No. CR 15-00606-RGK<br><br>**GOVERNMENT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:  June 13, 2016<br>Hearing Time:  1:30 p.m.<br>Courtroom:  850<br><br>Honorable R. Gary Klausner |

/ /

/ /

/ /

/ /

/ /

/ /

/ /

1

# GOVERNMENT'S OPPOSITION TO PETITIONERS' MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

In their Motions for Summary Judgment, petitioners Anahi E. Gutierrez, Rosalinda Kramer, Stuart Kramer, M.D., Blue Mountain Management and Marketing, Inc., Rosalinda Kramer, President, and Private Funding Management, Inc., Rosalinda Kramer, President ("petitioners") cite no facts or law that would entitle them to summary judgment, choosing instead to file a brief that fails to satisfy any of the procedural requirements of a motion for summary judgment. Indeed, the moving papers are so devoid of substance, that the Government cannot determine on what grounds petitioners are seeking summary judgment.

## II. THE MOTION DOES NOT COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 56 OR THE LOCAL RULES

Federal Rule of Civil Procedure 56(a) states that a party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. Local Rule 56-1 states that a party filing a notice of motion for summary judgment or partial summary judgment shall lodge a proposed "Statement of Uncontroverted Facts and Conclusions of Law." Such proposed statement shall set forth the material facts as to which the moving party contends there is no genuine dispute. Other than in their notice of motion, petitioners have failed to identify a claim or defense on which summary judgment is sought, and they failed to file the required statement of uncontroverted facts and conclusions of law. In fact, the only uncontroverted fact in this case is the admission by Defendant Andrew Kramer that the assets sought to be forfeited by the Government represent the proceeds of his narcotics trafficking. In their motion for summary judgment, petitioners do not dispute this essential fact. Because petitioners' motion is so lacking in content, the Government cannot substantively oppose the motion in any way other than to point out how utterly devoid it is of the required recitation of facts and law.

### III. PETITIONERS' NOTICE OF MOTION CONTAINS A GROSS MISREPRESENTATION OF THE RECORD

Putting aside the fact that petitioners do not address, in the motion itself, the issues referenced in their notice of motion, the Government must note that the petitioners' notice contains a gross misrepresentation of the record. Specifically, petitioners state that "Paragraph 3(f) of defendant Andrew Kramer's plea agreement specifically prohibits the government from seeking forfeiture of certain property and funds as against petitioners." Paragraph 3(f) of the plea agreement actually states that the Government will not criminally prosecute the petitioners for violations of federal drug trafficking and money laundering laws arising out of their conducting financial transactions or sales of marijuana on behalf of Defendant Andrew Kramer. (Docket # 7 at page 6.) Nothing in paragraph 3(f) prohibits, either implicitly or impliedly, the forfeiture of the property sought herein. In fact, the same plea agreement, at paragraph 2.(o), calls *for* the forfeiture of Defendant Andrew Kramer's interest in all of the assets. For petitioners to say that the agreement "specifically prohibits the government from seeking forfeiture" of the property has absolutely no basis.

### IV. PETITIONERS HAVE FAILED TO ESTABLISH THAT THEY ARE ENTITLED TO SUMMARY JUDGMENT

A party moving for summary judgment bears the initial burden of establishing "the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)). In this case, petitioners clearly have not met this burden. As stated above, petitioners have not established the basis for their motion nor identified any evidence which they contend demonstrates the absence of a genuine issue of material fact. Moreover, they have failed to account for Defendant Andrew Kramer's sworn admission that the forfeitable properties were derived from his drug trafficking activities. As petitioners have failed to

1  meet their burden, their motion must be denied.

## V. CONCLUSION

Based on the above, it is respectfully requested that petitioners' motion for summary judgment be denied.

DATED: May 23, 2016            Respectfully submitted,

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


   /s/Jonathan Galatzan
JONATHAN GALATZAN
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA