THOMAS P. SLEISENGER
Law Offices of Thomas P. Sleisenger
1901 Avenue of the Stars, Suite 615
Los Angeles, California 90067
California State Bar #100254
Telephone: (310) 300-1314
Facsimile: (310) 861-0152
email: sleisengerlaw@yahoo.com

Counsel for Petitioners
Rosalinda Kramer, Stuart Kramer, M.D.
Blue Mountain Management & Marketing, Inc.
Private Funding Management, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>vs. )<br><br>ANDREW KRAMER, )<br><br>Defendant. )<br>_____ )<br>ANAHI E. GUTIERREZ, )<br>ROSALINDA KRAMER, )<br>STUART KRAMER, M.D., BLUE )<br>MOUNTAIN MANAGEMENT )<br>AND MARKETING, INC., )<br>PRIVATE FUNDING )<br>MANAGEMENT, INC., )<br><br>Petitioners. )<br>_____ ) | No. CR 15-606-RGK<br><br>**PETITIONERS' REPLY TO GOVERNMENT OPPOSITION TO MOTION TO DISMISS**<br><br>Date: June 13, 2016<br>Time: 1:30 p.m.<br>Crtrm: 850 |

**TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEY'S OF RECORD:**

PLEASE TAKE NOTICE that petitioners Anahi E. Gutierrez, Rosalinda Kramer, Stuart Kramer, M.D., Blue Mountain Management and Marketing, Inc., Rosalinda Kramer, President, and Private Funding Management, Inc., Rosalinda Kramer, President, by and through counsel of record, Thomas P. Sleisenger,

1  now reply to the government's opposition to petitioners' motion to dismiss this

2  action on the grounds that (1) the Rohrabacher-Farr federal spending amendment,

3  Pub. Law No. 114-113, Div. B, Title 5, 542, and the Anti-Deficiency Act, 31

4  U.S.C. § 1341, prohibits the United States Department of Justice from using

5  federal funds to enforce the Controlled Substances Act to seek forfeiture of

6  property and funds belonging to petitioners; (2) Paragraph 3(f) of defendant

7  Kramer's plea agreement prevents the government from seeking forfeiture of said

8  property and funds; and (3) the ancillary hearing is not properly initiated because

9  the information filed in this case does not contain a forfeiture count.

10     This reply is based on Rule 12(b)(6), Federal Rules of Civil Procedure, on

11  the relevant statutes and case law, the attached Memorandum of Points and

12  Authorities, and upon any further argument that may be heard on the motion.

13  Dated: May 30, 2016                    Respectfully submitted,

14

15                                         *s/Thomas P. Sleisenger*
                                           THOMAS P. SLEISENGER

16                                         Counsel for Petitioners
17                                         Anahi E. Gutierrez, Rosalinda Kramer,
                                           Stuart Kramer, M.D., Blue Mountain
                                           Management & Marketing, Inc.,
18                                         Private Funding Management, Inc.

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

In it's opposition, the government argues that petitioners' motion to dismiss is not well founded because Title 21, United States Code, Section 853, limits petitioners to "only two" avenues of relief, namely, whether by a preponderance of the evidence, petitioners, or any of them, have a legal right, title or interest in the real property and funds which mandates amendment of the preliminary order of forfeiture, or petitioners, or any of them, were bona fide purchasers for value without cause to believe that the property and funds were subject to forfeiture. (Govt. Opp. at 3).

The government overlooks the fact that this case involves the forfeiture of proceeds and property allegedly traceable to defendant Kramer's drug trafficking offenses which petitioners claim are vested in them, and not the defendant.  Since petitioners claim that the property and funds were acquired legitimately from sources unrelated to Kramer's illicit activities, in whole or in part, as may be shown in the government's discovery, their claims are superior to the governments claims.

The government conflates petitioners' burden at any future ancillary hearing with legitimate grounds in support of dismissal based upon jurisdictional defects. As such, the government's arguments should be rejected.  In addition, by failing to address each of the three jurisdictional challenges, the government has conceded them under the doctrine of waiver.

## II.    ARGUMENT

### 1.    The Government Has Waived Any Challenge to the Claims Made In Petitioners' Motion

In failing to address each of the three jurisdictional challenges raised in the motion to dismiss, the government blithely ignores legal arguments which have been raised. (Motion at 5-23; Govt. Opp. at 2-7).

1    In its opposition, the government failed to perform a conclusory analysis in

2 addressing any of these issues.  In terms of the appropriations act claim, the

3 government asserts that the purpose of the ancillary proceeding is to determine

4 whether the preliminary order of forfeiture should be amended, ignoring the

5 argument that proceeds from the legitimate sale of medical marijuana under the

6 California Health & Safety Code should not be subject to criminal forfeiture.

7    While acknowledging that forfeiture of defendant Kramer's interest in the

8 property and funds, as part of an *in personam* proceeding, is by its terms quasi-

9 criminal, the government does not seek to rebut petitioners' argument that they

10 have a right to enforce the non-prosecution clause in Kramer's plea agreement.  A

11 fair reading of that clause establishes that the government is prevented from

12 obtaining a final order of forfeiture in this case.

13    Finally, the government ignores the claim that failure to identify the

14 property and funds to be forfeited in the underlying information constitutes a

15 jurisdictional defect which mandates dismissal of the ancillary hearing and a

16 return of the property and funds to petitioners.

17    If this Court concludes that petitioners' arguments are valid, the

18 government, for it's part, will have conceded these issues.  See United States v.

19 McEnry, 659 F.3d 893, 902 (9th Cir. 2011) (failure to present argument constitutes

20 waiver); see also Hamilton v. Southland Christian School, Inc., 680 F.3d 1316,

21 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough,

22 and the failure to make arguments and cite authorities in support of an issue

23 waives it.").

24    In sum, the government's failure to address an argument in its opposition

25 constitutes a complete waiver of the argument.  CDCA Civ. L.R. 7-9

26 (memorandum in opposition "shall contain a statement of all the reasons in

27 opposition thereto and the points and authorities upon which the opposing party

28 will rely"); see also Velasquez-Escovar v. Holder, 768 F.3d 1000, 1005 n. 1 (9th

4

Cir. 2014); <u>Aguilar-Turcios v. Holder</u>, 740 F.3d 1294, 1302 n. 11 (9th Cir. 2014); <u>United States v. McEnry</u>, 659 F.3d at 902.

### 2. Before the Ancillary Hearing May Proceed, This Court Must Have Jurisdiction to Proceed

Petitioners acknowledge that the forfeitability of property in a criminal case is determined during the trial or plea of a criminal defendant, and before the inception of any ancillary proceeding to adjudicate third party claims. See Fed. R. Crim. P. 32.2(b); 21 U.S.C. § 853(k). However, it is not forfeitability that petitioners seek to challenge at this juncture, it is the jurisdiction of the Court to enforce its preliminary order of forfeiture, and to enter a final order of forfeiture, as against petitioners.

It is commonly understood that the ancillary hearing itself is akin to an equitable quiet title action. See Stefan D. Cassella, *Asset Forfeiture Law in the United States*, § 23-6 (2007). The purpose is to determine whether the petitioners, as opposed to the government, have a superior right to ownership in the forfeited property. While there may only be two narrow grounds for relief under Section 853(n)(6), petitioners still have the right to challenge the Court's jurisdiction to proceed to hearing in this case, as opposed to returning the claimed property and funds to petitioners.

This Court must therefore consider jurisdictional challenges under the Quiet Title Act, found at 28 U.S.C. § 2409a. The two conditions that must exist before this Court may exercise jurisdiction over a quiet title action, and by analogy, the instant action are: "(1) the United States must claim an interest in the property at issue; and (2) there must be a disputed title to real [or personal] property between interests of the plaintiff and the United States." <u>Leisnoi, Inc. v. United States</u>, 267 F.3d 1019, 1023 (9th Cir. 2001) (Leisnoi II) (Section 2409a action).

The first condition cannot be satisfied here because (1) under the Rohrabacher-Farr spending amendment, Sections 538 and 542 of the 2015 and

2016 Appropriations Acts, and the Anti-Deficiency Act, 31 U.S.C. § 1341, the U.S. Department of Justice is prohibited from expending federal funds to seek a final order of forfeiture against the property and funds at issue here; (2) defendant Kramer's plea agreement, by its terms, prevents the government from seeking forfeiture of the property and funds; and (3) there is no forfeiture provision contained in the underlying information and thus, no jurisdiction established. These are not attacks upon defendant Kramer's conviction or subsequent findings as to property which Kramer consented to have forfeited in exchange for government concessions contained in his plea agreement, they are direct challenges to the Court's jurisdiction itself.

Therefore, each of the three arguments posed stand for the proposition that the government is barred from seeking enforcement of its claimed interest to the property and funds.

## IV.   CONCLUSION

For the foregoing reasons, and in addition to the arguments raised in the original motion in this matter, the ancillary hearing should be dismissed with prejudice.

Dated: May 30, 2016                          Respectfully submitted,

*s/Thomas P. Sleisenger*
THOMAS P. SLEISENGER

Counsel for Petitioners

6

| | |
|---|---|
| 1  UNITED STATES OF AMERICA, ) | CASE NO.: CR 15-606-RGK |
| 2  Plaintiff, ) | |
| 3  vs. ) | Declaration of Service |
| 4  ) | |
| ANDREW KRAMER, ) | |
| 5  Defendant. ) | |
| 6  ) | |
| 7  _____ ) | |
| ROSALINDA KRAMER, ) | |
| 8  STUART KRAMER, M.D., BLUE ) | |
| MOUNTAIN MANAGEMENT ) | |
| 9  AND MARKETING, INC., ) | |
| PRIVATE FUNDING ) | |
| 10 MANAGEMENT, INC., ) | |
| 11 Petitioners. ) | |
| 12 _____ ) | |

I, Thomas P. Sleisenger, am over the age of 18 and not a part to the within action. My business address is 1901 Avenue of the Stars, Suite 615, Los Angeles, California 90067.

On May 30, 2016, I served the foregoing documents described as **Reply to Government's Opposition to Motion to Dismiss Ancillary Hearing** on the interested parties in the above entitled action by CM/ECF filing, electronic mail, U.S. mail and/or personal delivery as follows:

Jonathan Galatzan
Assistant United States Attorney
Asset Forfeiture Section
United States Attorney's Office
312 North Spring Street, 14th Floor
Los Angeles, California 90012

Jason A. Savlov
RCO Legal, P.S.
2121 Alton Parkway, Suite 110
Irvine, CA 92606

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 30, 2016, at Los Angeles, California.

*s/Thomas P. Sleisenger*
THOMAS P. SLEISENGER