UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR-15-00606-RGK | Date | July 7, 2016 |
|---|---|---|---|

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | N/A |

| S. Williams, Not present | Not Reported | Jonathan Galatzan, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Andrew Kramer | N | X | | Sara Azari | N | | X |

**Proceedings:**   (IN CHAMBERS) Order re: Petitioners' Motions to Dismiss the Ancillary Hearing (DEs 54 and 55)

## I.   INTRODUCTION & FACTUAL BACKGROUND

On November 23, 2015, Defendant Andrew Kramer ("Defendant") entered a plea agreement as to Count 1, conspiracy to distribute marijuana, in violation of Title 21, United States Code, Section 846. On January 29, 2016, the Court issued a Preliminary Order of Forfeiture with respect to, among other things, all right title, and interest of Defendant in the Chimineas Property, the Hyde Park Property, the Foothill Property, the Cantlay Property, $171, 980.37 seized from the BB&T account, $79, 375.00 in U.S. currency, and $525,752.70 in escrow funds (collectively, "Subject Property").

On February 16, 2016, Plaintiff United States ("Plaintiff") sent a notice of the Preliminary Order of Forfeiture to Petitioners Anahi E. Gutierrez; Rosalinda Kramer; Stuart Kramer, M.D.; Blue Mountain Management and Marketing Inc., Rosalinda Kramer, President; and Private Funding Management, Inc., Rosalinda Kramer, President (collectively, "Petitioners"). On March 30, 2016, two Petitions for Ancillary Hearing were filed, one in the name of Ms. Gutierrez, the other in the names of the remaining petitioners. The petitions request a hearing and determination of the lack of forfeitability of Petitioners' ownership interests and/or constructive trusts in the Subject Property.

On May 16, 2016, Petitioners filed the current Motions to Dismiss the Ancillary Hearing. For the following reasons, the Court **denies** both motions.

## II.   DISCUSSION

As an initial matter, Petitioners have filed their motions pursuant to Fed. R. Civ. P. 12(b)(6), which is an improper procedural tool for the relief they seek. Review of the motions clearly indicates that Petitioners do not seek to dismiss their own petitions. Rather, Petitioners argue that the forfeiture of the Subject Property is invalid. This argument, however, is the core of the underlying petitions themselves. Under Rule 12(b)(6), the Court accepts all facts alleged in the petitions as true and determines whether Petitioners have stated enough

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

facts to state a plausible claim for relief. Based on this legal standard, the Court finds that the Petitions for Ancillary Hearing have alleged sufficient facts to state a claim for relief. On this basis alone, the Court denies Petitioners' motions.

Nonetheless, the Court will address the substance of Petitioners' motions. Petitioners bring their motions on three grounds: (1) under the Rohrabacher-Farr federal spending amendment and the Anti-Deficiency Act, Plaintiff is prohibited from using federal funds to enforce the Controlled Substances Act and seek forfeiture of Petitioners' property; (2) Paragraph 3(f) of Defendant's Plea Agreement prohibits Plaintiff from seeking forfeiture of Petitioners' property; and (3) the ancillary hearing is not properly initiated because the forfeiture provision is not contained in the underlying Information. Petitioners' arguments fail.

### A.     Rohrabacher-Farr and the Anti-Deficiency Act

Petitioners argue that the Rohrabacher-Farr federal spending amendment and the Anti-Deficiency Act prohibit Plaintiff from using resources and funds to pursue asset forfeitures against medical marijuana patients and providers, including businesses that operate legally under state law.[1] Petitioners' argument is unavailing.

First, court records show that Plaintiff instituted forfeiture on Defendant's property only, pursuant to a signed plea agreement. Any use of resources directed toward this ancillary hearing is solely in response to Petitioners' claim to the property, which necessarily requires evidentiary proof. Petitioners appear to argue that Plaintiff must immediately abandon a §853 forfeiture *anytime* a third party claims interest in the property on the ground that it was derived the legal sale of medical marijuana. This position is simply untenable.

Second, because the ancillary proceeding is governed by 21 U.S.C. §853, Petitioners have only two avenues of relief. Petitioners must show by a preponderance of the evidence that either (1) they have legal right to the property, and the right renders the forfeiture invalid because such right was vested in the Petitioners or superior to Defendant's interest in the property at the time the crime was committed; or (2) Petitioners are the bona fide purchasers of the property rights, and the time of purchase, they reasonably had no cause to believe the property was subject to forfeiture. If either of these two conditions are met, the property is deemed to not belong to Defendant, and will not be subject to forfeiture. However, if the property is determined to belong to Defendant, Petitioners have no standing to assert Rohrabaher-Farr or the Anti-Deficiency Act on behalf of Defendant.

### B.     Paragraph 3(f) of the Plea Agreement

Next Petitioners argue that Plaintiff cannot seek forfeiture of the Subject Property because Paragraph 3(f) of the plea agreement specifically prohibits Plaintiff from "criminally prosecuting" Petitioners. Again, the Court finds this argument unpersuasive.

Court records show that Plaintiff seeks forfeiture of Defendant's property only. To the extent Petitioners claim a legal interest in the property, they bear the burden of proof on that issue, pursuant to §853. The requirement of providing such proof and Plaintiff's defense of its forfeiture proceeding does not constitute a

---

[1] Although not directly stated, Petitioners' Petitions for Ancillary Hearing and Motions to Dismiss imply that the subject property was derived from proceeds related their legal sales of medical marijuana, rather than Defendant's drug trafficking activities.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

criminal prosecution of Petitioners.

### C. Lack of Forfeiture Language in Information

Petitioners argue that the ancillary hearing was not properly initiated because the underlying Information contains no language regarding forfeiture. This argument is baseless.

First, as stated above, court records show that Plaintiff seeks forfeiture of Defendant's property only. Therefore, Petitioners have no standing to raise any notice challenges or other defenses to the criminal prosecution or conviction. Second, even if Petitioners could raise such arguments, the Plea Agreement contains express language waiving any claims regarding prior notice of forfeiture in the Information.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioners' Motions to Dismiss.

**IT IS SO ORDERED.**

:

Initials of Deputy Clerk