THOMAS P. SLEISENGER
Law Offices of Thomas P. Sleisenger
1901 Avenue of the Stars, Suite 615
Los Angeles, California 90067
California State Bar #100254
Telephone: (310) 300-1314
Facsimile: (310) 861-0152
email: sleisengerlaw@yahoo.com

Counsel for Petitioners
Rosalinda Kramer, Stuart Kramer, M.D.
Blue Mountain Management & Marketing, Inc.
Private Funding Management, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 15-606-RGK |
| Plaintiff, ) | |
| vs. ) | **MEMORANDUM OF LAW RE: PROCEEDS FORFEITURE, CONSTRUCTIVE AND RESULTING TRUSTS** |
| ANDREW KRAMER, ) | |
| Defendant. ) | Date: July 18, 2016<br>Time: 10:00 a.m.<br>Crtrm: 850 |
| ANAHI E. GUTIERREZ, ROSALINDA KRAMER, STUART KRAMER, M.D., BLUE MOUNTAIN MANAGEMENT AND MARKETING, INC., PRIVATE FUNDING MANAGEMENT, INC., ) | |
| Petitioners. ) | |

**TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEY'S OF RECORD:**

PLEASE TAKE NOTICE that petitioners Anahi E. Gutierrez, Rosalinda Kramer, Stuart Kramer, M.D., Blue Mountain Management and Marketing, Inc., Rosalinda Kramer, President, and Private Funding Management, Inc., Rosalinda Kramer, President, by and through counsel of record, Thomas P. Sleisenger,

hereby file its memorandum re: proceeds forfeiture, constructive and resulting trusts, to supplement argument to be presented before the Court during the ancillary hearing.

    This memorandum is based on the attached memorandum of points and authorities, and upon any further argument that may be heard during the course of the ancillary hearing.

Dated: July 13, 2016           Respectfully submitted,

*s/Thomas P. Sleisenger*
THOMAS P. SLEISENGER

Counsel for Petitioners
Anahi E. Gutierrez, Rosalinda Kramer,
Stuart Kramer, M.D., Blue Mountain
Management & Marketing, Inc.,
Private Funding Management, Inc.

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On November 23, 2015, pursuant to a written plea agreement, defendant Andrew Kramer waived indictment and plead guilty to a one count Information alleging conspiracy to distribute marijuana, in violation of Title 21, United States Code, Section 846.

On January 29, 2016, this Court issued a Preliminary Order of Forfeiture with respect to, *inter alia*, all right, title, and interest of defendant Andrew Kramer in the Chimineas Property, the Hyde Park Property, the Foothill Property, the Cantlay Property, the $171,980.37 seized from the BB&T account, $79,375.00 in U.S. currency, and $525,752.70 in escrow funds. (Docket Entry 36).

On March 30, 2016, two petitions were filed, one in the name of Ms. Gutierrez, the other in the names of the remaining petitioners. In light of the recent denial of petitioners' motion to dismiss, petitioners seek to distinguish both ill-gotten gains from defendant Kramer's interstate drug trafficking activities, and proceeds generated from the sale of medical marijuana, from proceeds derived from legitimate sources.

## II. PROCEEDS FORFEITURE

Property that is traceable directly or indirectly to illegal activity is subject to forfeiture. This includes all interest, dividends, income or property derived from the original illegal activity. See United States v. One Rolls Royce, 905 F.2d 89, 91 (5th Cir. 1990). Traceable proceeds include assets indirectly exchanged for the illicit funds in one or more "intervening legitimate transactions, or otherwise changed in form . . ." See United States v. Banco Cafetero Panama, 797 F.2d 1154, 1158 (2nd Cir. 1986). If an asset has been purchased with commingled legitimate and illegitimate funds, however, forfeiture is limited to the portion traceable to the illegal activity. See United States v. Pole No. 3172 (Hopkington), 852 F.2d 636, 639-40 (1st Cir. 1988); One 1980 Rolls Royce, Id. This would

mean that if any of petitioners' separate, untainted, funds were either seized, or used to obtain the subject property in this case, such funds should not be subject to a final order of forfeiture.

The Joint Explanatory Statement of Titles II and III to the Psychotropic Substances Act of 1978, 124 Cong.Rec. 17,647 (1978), *reprinted in* 1978 U.S.C.A.A.N. 9522, explains that 21 U.S.C. § 881(a)(6)[1]:

> [P]rovides for forfeiture of property which is the proceeds of an illegal drug transaction only if there is a traceable connection between such property and the illegal exchange of controlled substances. Thus, if such proceeds were, for example, co-mingled with other assets, involved in intervening legitimate transactions, or otherwise changed in form they would be subject to forfeiture, but only to the extent that it could be shown that a traceable connection to an illegal transaction in controlled substances existed.

1978 U.S. Code Cong. & Admin. News at 9522.

The analysis of Section 881 is equally applicable to criminal forfeiture under 21 U.S.C § 853. The government, therefore, has the right to forfeit property, currency, or bank funds equivalent to the amount traceable to ill-gotten gains. If the commingled funds in question are used to purchase property, the government may forfeit only that portion of the property which equates with the government's claim to the commingled funds.

Banco Cafetero Panama, a pre-CAFRA decision, still stands for the proposition that untainted proceeds are exempt from forfeiture in the absence of a properly alleged and proven facilitation theory of recovery. 797 F.2d at 1159-60. Criminal forfeiture is otherwise limited to property connected in some fashion to the specific offense or offenses for which defendant was convicted. Third party

---

[1] 21 U.S.C. § 881(a)(6) states: "(a) Subject Property.– The following shall be subject to forfeiture to the United States and no property right shall exist in them: . . . . (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

4

petitioners may litigate the factual and legal questions already resolved against the defendant, namely, whether the property was subject to forfeiture in the first place. United States v. Lazarenko, 476 F.3d 642, 650-51 (9th Cir. 2007).[2]  Thus, even though a ruling for the third party would necessarily refute a prior finding that the property was subject to forfeiture as proceeds, it is clear that the third party may litigate the issue.  United States v. Reckmeyer, 836 F.2d 200 206 (4th Cir. 1987) ("The determination made at the defendant's criminal trial that the property was subject to forfeiture cannot be considered binding on persons who were not only not parties to the criminal action but were specifically barred from intervening."); see also Stefan G. Cassella, Asset Forfeiture Law in the United States § 23-14c, at 699-700 (1977).

### III.   CONSTRUCTIVE AND RESULTING TRUSTS

Petitioners seek to show that improvements to property, tax remittances, expenses, utility payments, and related costs justify a return of such expenditures as part of a constructive trust.  In this circuit, the seminal case on the subject in the context of forfeiture is United States v. $4,224,958.57 (Boylan), 392 F.3d 1002 (9th Cir. 2004).  Some of the relevant text from the case which addresses constructive trusts includes: *"The Constructive Trust.* The American Law Institute, *Restatement (First) of Restitution* § 160 (1937) provides, 'Where a

---

[2] See Libretti v. United States, 516 U.S. 29, 55 (1995) (Stevens, J., dissenting) (law should define what assets are forfeitable, not what a defendant agrees to forfeit in exchange for a favorable sentence recited in his plea agreement); United States v. Nava, 404 F.3d 1119, 1133 (9th Cir. 2005) (Defendant's assertion of ownership over property that he agreed to forfeit pursuant to plea agreement did not establish that he had legal or equitable title to property); see also United States v. Farley, 919 F.Supp. 276 (S.D. Ohio 1996) (noting that a criminal defendant may be motivated to plead guilty to a forfeiture to gain a more favorable plea bargain even if the property does not belong to him, "[c]onfining a third party to the facts as determined by another's guilty plea when that third party is statutorily prohibited from participating in the proceeding . . . flies in the face of logic as well as basic due process."); United States v. Brooks, 112 F.Supp.2d 1035, 1040 (D. Haw. 2000) (where wife's marital interest in community property turned on whether it was purchased with drug money as opposed to legitimate marital assets, wife could contest jury's finding that the property was purchased with drug proceeds).

person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it, a constructive trust arises.' The American Law Institute, *Restatement of the Law of Restitution, California Annotations* § 160 (1940) declares: 'The rule has been followed in innumerable cases.' It is hornbook law that, when a fraudster acquires property from a victim by fraud, the fraudster holds the property in constructive trust for his victim. *Scott on Trusts* § 462.4 (4th ed.1989). It is an elementary mistake to suppose that a court creates the trust. The expression 'the court constructs the trust' is 'absurd'. *Id.* The obligation on the fraudster is imposed by law and arises immediately with his acquisition of the proceeds of the fraud. As we stated the law in California: 'Two California Civil Code sections set forth the principal constructive trust situations. California Civil Code § 2223. (Deering 1984) provides: "'One who wrongfully detains a thing is an involuntary trustee thereof, for the benefit of the owner.'" California Civil Code § 2224 (Deering 1984) provides: "'One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained for the benefit of the person who would otherwise have had it.'" United States v. Pegg, 782 F.2d 1498, 1500 (9th Cir. 1986)."[3][4] Id. at 1004; see also United States v. Wilson, 659 F.3d 947, 954-56 & n.3 (9th Cir. 2011) (in declining to overrule

---

[3] The "legal right, title or interest" of the third party petitioner is determined by state law that created the property right. United States v. Alcaraz-Garcia, 79 F.3d 769, 774 (9th Cir. 1996) (under California law, bailment does not alter bailor's interest in the bailed property; delivery of cash to the bailee did not cause bailors to lose their title interest in the funds).

[4] Section 853(n)(6)(A) allows relief for third parties having superior interests in the property at the time of the criminal activity, regardless of whether they have knowledge of the illegal activity. United States v. Lester, 85 F.3d 1409, 1413 (9th Cir. 1996); United States v. De Ortiz, 910 F.2d 376, 383 (7th Cir. 1990). Moreover, if the third party can show a superior interest, her innocence is irrelevant. United States v. Nava, 404 F.3d 1119, 1136-37 (9th Cir. 2005) (distinguishing civil forfeiture).

1  Boylan, found that government stands in the shoes of the fraudster and therefore
2  its interest cannot exceed that of the fraudster).

3  Boylan involved mail and wire fraud, and money laundering where
4  defendant obtained funds from seventy-eight individual investors. Instead of
5  investing the funds, the defendant moved the money through various accounts in
6  Liechtenstein so that he could access it for personal expenses. After the U.S.
7  government repatriated $4.25 million of the funds, the government filed a civil
8  complaint for forfeiture. Thereafter, the government obtained a default judgment
9  without giving notice to the seventy-eight victims. Twenty-five of the victims
10 filed claims. The district court rejected the claims, holding that the victims were
11 unsecured creditors and, as such, lacked standing to contest the forfeiture. The
12 Ninth Circuit reversed, holding that if the victims were defrauded, despite their
13 status as unsecured creditors, they were beneficiaries of a constructive trust under
14 California law. The constructive trust was deemed an equitable interest. The
15 default judgment was set aside and the district court was ordered to administer the
16 constructive trust. Boylan, 392 F.3d at 1003-1005.

17 A "resulting trust" occurs when one person furnishes money to another with
18 the intention of repayment. The treatment of such a trust is similar to that of a
19 constructive trust. Funds which petitioners paid to purchase property titled in
20 defendant Kramer's name, and startup and support payments that Rosalinda
21 Kramer gave to her son to operate the various dispensaries cited in the
22 information, are either vested constructive or resulting trust interests. The
23 possessor of the property and funds traceable to such activity becomes a trustee for
24 the benefit of the person who furnished the money. Martin v. Kehl, 145
25 Cal.App.3d 228, 238-239 (1983). Forfeiture of property and funds traceable to
26 such activity should not ensue just like a federal tax lien does not arise or attach to
27 property in which a person has no interest under state law. See United States v.
28 Nat'l Bank of Commerce, 472 U.S. 713, 722 (1985). Moreover, under California

law, the government, like a judgment lien creditor, is not a purchaser for value. In re Mellor, 734 F.2d 1396, 1401 n.4 (9th Cir. 1984) ("a judgment lien creditor is not a bona fide purchaser, and therefore is subject to all prior interests in the property, whether known or unknown, recorded or unrecorded"). If the government's interest is treated similar to a federal tax lien under 18 U.S.C. § 3613(c), as it should be, the preliminary order of forfeiture does not have priority over a vested constructive or resulting trust. Federal Trade Commission v. Crittenden, 823 F. Supp. 699, 704 (C.D. Cal. 1983), aff'd, 19 F.3d 26 (9th Cir. 1994) (constructive trust).

The government suggests that petitioners must prove the existence of either a constructive or resulting trust by clear and convincing evidence. (Docket Entry 69; Govt. Brief at 5). Petitioner's burden, however, is by a preponderance of the evidence. 21 U.S.C. § 853(n)(6).

The government has also made unfounded arguments that petitioners are merely unsecured creditors, rather than having ownership interests by virtue of either a constructive or resulting trust.[5] (Docket Entry 69, Govt. Brief, Passim). This Court has already ruled that petitioners have stated sufficient facts to state a claim for relief, and the government did not file a dispositive motion based upon a claim that petitioners lacked standing as unsecured creditors. (Docket Entry 67,

---

[5] Out-of-circuit district court cases cited by the government in relation to resulting trust claims and the bona fide purchaser provision at 21 U.S.C. § 853(n)(6)(B), as opposed to constructive trust claims, are distinguishable. (Docket Entry 69, Govt. Brief at 7). In United States v. Negron-Torres, 876 F.Supp.2d 1301, 1303 (M.D. Fla. 2012), United States v. Armstrong, 2007 WL 7335173 (E.D. La. 2007), United States v. Nnaji, 2005 WL 1049905 (E.D. Mich. 2005), and United States v. Starcevic, 766 F.Supp.2d 937 (S.D. Iowa 2011), evidence of general loans were found to be insufficient to assert a resulting trust claim. In United States v. Moses, 2012 W 458494 (D. Vt. 2012), no nexus was shown between the forfeited drug proceeds and a loan which served as a basis for the claim. In United States v. Boyle, 2009 WL 2391857 *3 (N.D. Ill. 2009), no evidence was presented to show investment in the forfeited property. In United States v. Wheaton, 2005 WL 2429792 *6 (D. Me. 2005), the claimant was found to have an adequate remedy under state law and lacked statutory standing to pursue her federal ancillary claim.

8

Criminal Minutes).

Under Section 853, the exemption for "legal interest" in property is not defined. The term, however, has been given broader construction depending upon whether the interest in question is characterized as legal or equitable based upon a constructive or resulting trust theory of recovery. Wilson, 659 F.3d at 956 n.6; United States v. Oregon, 671 F.3d 484, 492 (4th Cir. 2012) (holding that inquiry whether third party's interest was superior to that of defendant "involves equitable considerations and is necessarily fact-bound and value-laden."); United States v. BCCI Holdings (Luxembourg), 46 F.3d 1185, 1190 (D.C. Cir. 1995) (". . . it would just as much offend notions of due process for the government to scoop up property in which a third party has certain kinds of equitable interests as it would for government to take property in which a third party has a 'legal' interest."); see also United States v. Salti, 579 F.3d 656, 670 n.15 (6th Cir. 2009) ("'Where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were to retain it, a constructive trust arises.'").[6]

## IV. CONCLUSION

Upon presentation of testimony and exhibits, petitioners respectfully request that their respective ancillary petitions be granted.

DATED: July 13, 2016          Respectfully Submitted,

*s/Thomas P. Sleisenger*
THOMAS P. SLEISENGER

Counsel for Petitioners

---

[6] In addition to the Ninth Circuit, nearly all circuits have held that a constructive trust can be interposed as superior to the government's forfeiture claim. United States v. Schwimmer, 968 F.2d 1570, 1582 (2nd Cir. 1992); United States v. Lavin, 942 F.2d 177, 187 (3rd Cir. 1991); United States v. Campos, 859 F.2d 1233, 1238-39 (6th Cir. 1988) (dicta); United States v. Marx, 844 F.2d 1303, 1307-08 (7th Cir. 1988).

9

|   |   |   |
|---|---|---|
| 1 | UNITED STATES OF AMERICA, ) | CASE NO.: CR 15-606-RGK |
| 2 | Plaintiff, ) ) | Declaration of Service |
| 3 | vs. ) |   |
| 4 | ) |   |
| 5 | ANDREW KRAMER, ) ) |   |
| 6 | Defendant. ) |   |
| 7 | _____ ) |   |
| 8 | ANAHI E. GUTIERREZ, ) ROSALINDA KRAMER, ) |   |
| 9 | STUART KRAMER, M.D., BLUE ) MOUNTAIN MANAGEMENT ) |   |
| 10 | AND MARKETING, INC., ) PRIVATE FUNDING ) |   |
| 11 | MANAGEMENT, INC., ) |   |
| 12 | Petitioners. ) |   |

14    I, Thomas P. Sleisenger, am over the age of 18 and not a part to the within action. My business address is 1901 Avenue of the Stars, Suite 615, Los Angeles, California 90067.

    On July 13, 2016, I served the foregoing documents described as **Memorandum of Law** on the interested parties in the above entitled action by CM/ECF filing, electronic mail, U.S. mail and/or personal delivery as follows:

Jonathan Galatzan
Assistant United States Attorney
Asset Forfeiture Section
United States Attorney's Office
312 North Spring Street, 14th Floor
Los Angeles, California 90012

Jason A. Savlov
RCO Legal, P.S.
2121 Alton Parkway, Suite 110
Irvine, CA 92606

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 13, 2016, at Los Angeles, California.

                                    *s/Thomas P. Sleisenger*
                                    THOMAS P. SLEISENGER