EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN
California Bar No. 190414
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2727
    Facsimile: (213) 894-7177
    E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | No. CR 15-00606-RGK |
|---|---|
| Plaintiff, | **GOVERNMENT'S BRIEF FOLLOWING ANCILLARY HEARING** |
| v. | Hearing Date: July 18, 2016 |
| ANDREW KRAMER, | Hearing Time: 10:00 a.m. |
| Defendant. | Courtroom: 850 |
| | Honorable R. Gary Klausner |

/ /
/ /
/ /
/ /
/ /
/ /
/ /

## I. PURPOSE OF ANCILLARY PROCEEDING

Federal Rule of Criminal Procedure 32.2(c) allows third parties to file petitions asserting interests in property that has been found to be subject to forfeiture in a preliminary order of forfeiture. The ancillary proceeding is governed procedurally by 21 U.S.C. § 853, which allows *only two* avenues of relief, requiring that a petitioner show by a preponderance of the evidence that either:

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the Preliminary Order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant, or was superior to any right, title, or interest of the defendant at the time of the commission of the acts that gave rise to the forfeiture of the property under section 853; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property that arose after the conduct that gave rise to the forfeiture, and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under section 853.

What a third party ancillary petitioner is *not* entitled to do is challenge the underlying basis for the forfeiture. "A third party has no right to challenge the preliminary order's finding of forfeitability; rather, the third party is given an opportunity during the ancillary proceeding to assert any ownership interest that would require amendment of the order." *United States v. Andrews*, 530 F.3d 1232, 1236–37 (10th Cir. 2008). In other words, "(i)f the property really belongs to the third party, he will prevail and recover his property whether there were defects in the criminal trial or the forfeiture process or not; and if the property does not belong to the third party, such defects in the finding of forfeitability are no concern of his." *Id.* at 1237 (brackets, ellipsis, and citation omitted).

## II. OWNERSHIP OF THE REAL PROPERTIES AND ESCROW FUNDS

Ownership of real property subject to forfeiture under federal law is determined

according to the law of the state in which the real property is situated.  *See U.S. v. Nava,* *404 F.3d 1119, 1129 (9th Cir. 2005)* and *U.S. v. Oregon*, 671 F.3d 484, 490 n.8 (4th Cir. 2012).  In California, the owner of the legal title to the property is presumed to be the owner of the full beneficial title.  This presumption may be rebutted only by clear and convincing evidence. *California Evidence Code* section 662.  Petitioners contend that they are "owners" of the properties at issue here on two grounds:  that they are beneficiaries of a constructive trust or beneficiaries of a resulting trust.  They have failed to demonstrate a cognizable ownership interest under either theory.

### A.   Petitioners did not prove the existence of a constructive trust by clear and convincing evidence

"A constructive trust is a remedial device primarily created to prevent unjust enrichment; equity compels the restoration to another of property to which the holder thereof is not justly entitled." *Kraus v. Willow Park Public Golf Course*, 73 Cal.App.3d. 354, 373 (1977).  In California, a constructive trust is defined by two statutes, *California Civil Code* sections 2223 and 2224.  Section 2223 states that one who wrongfully detains a thing is an involuntary trustee thereof, for the benefit of the owner, while section 2224 states that one who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it.  Both statutes require a wrongful act on the part of the constructive trustee for the creation of a constructive trust.  In order to establish a constructive trust here, petitioners must have proven an unlawful act on the part of Andrew Kramer against them sufficient to have created a trustee-beneficiary relationship whereby Kramer held those properties in trust for the benefit of petitioners.  They did not make that showing.

### B.   Petitioners did not prove the existence of a resulting trust by clear and convincing evidence

"A resulting trust is not founded on the simple fact that money or property of one has been used by another to purchase property. It is founded on a relationship between

the two, on the fact that as between them, ***consciously and intentionally***, one has advanced the consideration wherewith to make a purchase in the name of the other. The trust arises because it is the natural presumption in such a case that it was their intention that the ostensible purchaser should acquire and hold the property for the one with whose means it was acquired. But this presumption is rebuttable, and, if the evidence or the circumstances show that such intention did not exist, no trust arises." *Lezinsky v. Mason Malt Whisky Distilling Co.*, 185 Cal. 240, 251 (1921) (Emphasis added).  Here, petitioners presented to no evidence that petitioners and Kramer consciously and intentionally agreed that petitioners would advance consideration to purchase any of the real properties in Kramer's name, but that Andrew Kramer would hold the properties for the petitioners.  There is no resulting trust.

### C. To the extent that Petitioners made mortgage payments or paid for upkeep of the Properties, they are merely unsecured creditors and not bona fide purchasers pursuant to § 853

The Court heard testimony that petitioners paid real estate taxes, made mortgage payments, and paid costs of maintenance for the real properties, but no evidence was presented that any liens or other encumbrances were ever filed or recorded against any of the real properties as a result of these expenditures.  As a result, petitioners are merely unsecured creditors, not bona fide purchasers for value within the meaning of § 853(n)(6)(B).[1]

---

[1] *See U.S. v. Negron-Torres*, 876 F.Supp.2d 1301, 1305 (M.D. FL 2012) (mother who claimed she loaned her son (the defendant) a portion of the currency sought to be forfeited to buy auto parts and expected to be repaid, was an unsecured creditor and lacked standing to contest the forfeiture); *U.S. v. Armstrong*, 2007 WL 7335173, *4 (E.D. La. June 1, 2007) (person who loaned money to defendant to buy real property had no basis to object to forfeiture of that property if he did not acquire a secured lien; he is only an unsecured creditor); *U.S. v. Moses*, 2012 WL 458494, *2 (D. Vt. Feb. 10, 2012) (defendant's father and ex-wife lacked standing as unsecured creditors to contest forfeiture of property traceable to drug proceeds, even if they loaned defendant money to improve the property); *U.S. v. Boyle*, 2009 WL 2391857, *2-3 (N.D. Ill. July 24, 2009) (brother who invested purchase money in defendant's property was merely an unsecured creditor); *U.S. v. Nnaji*, 2005 WL 1049905, *1 (E.D. Mich. Apr. 22, 2005) (persons who loaned money to defendant to improve his home, but did not record a lien against the

*(footnote cont'd on next page)*

### D. Private Funding Management and Anahi Gutierrez are not bona fide purchasers of real property

Petitioner Rosalinda Kramer, president of petitioner Private Funding Management, Inc. admitted that Private Funding Management, Inc. did not pay Andrew Kramer any consideration in exchange for having transferred title to the Foothill property to Private Funding Management, Inc. in June of 2010. Petitioner Anahi Gutierrez admitted that she did not pay Andrew Kramer any consideration in exchange for his having transferred title to the Cantlay property to Gutierrez in June of 2010.

Under California law, a party that acquires an interest in real property is a bona fide purchaser only if "the buyer (1) purchase[s] the property in good faith for value, and (2) [had] no knowledge or notice of the asserted rights of another." *Melendrez v. D & I Investment, Inc.*, 127 Cal.App.4th 1238, 1251 (2013). Here, since neither Private Funding Management, Inc. nor Anahi Gutierrez gave any financial consideration to Defendant Andrew Kramer in exchange for the property each acquired, neither is a bona fide purchaser of the property, and thus neither is an owner within the meaning of § 853(n)(6)(b).

## III. THE BANK FUNDS

### A. The bank funds were proceeds of drug trafficking

As part of his guilty plea, Andrew Kramer admitted that the seized bank funds represented proceeds of his narcotics trafficking. Evidence presented in the hearing shows that the funds were the proceeds of drug trafficking. In her testimony, Rosalinda Kramer, president of Blue Mountain Management and Marketing, Inc., the corporate account holder, could not identify the source of deposits totaling $35,000.00 (Exhibit 32,

---

property, were unsecured creditors without standing to contest the forfeiture); *U.S. v. Wheaton*, 2005 WL 2429792, *7 (D. Me. 2005) (person who provided building materials for construction of residence but did not record a lien is an unsecured creditor without standing to contest the forfeiture); and *U.S. v. Starcevic*, 766 F.Supp. 2d 937, 940-941 (S.D. Iowa 2011) (claimant who loaned money to defendant for mortgage payments on defendant's property and for defendant's purchase of a truck but who was not on the deed to either and never filed a lien or otherwise obtained a security interest in the real property or truck is an unsecured creditor and not a bona fide purchaser pursuant to § 853.)

pages 4, 57, 58, and 68.)  In addition, evidence that was presented by the petitioners (Exhibit 56, pages 13-15) shows that a $297,000 deposit into the account that was made on February 4, 2008, was payment to Andrew Kramer for the purchase of one of his marijuana stores.

### B. The individual petitioners cannot own corporate funds

"It is fundamental, of course, that a 'corporation is a distinct legal entity separate from its stockholders and from its officers.'  A corporation . . . in its corporate rights and liabilities . . . is as distinct from the persons composing it, as an incorporated city is from an inhabitant of that city."  *Merco Constr. Engineers, Inc. v. Municipal Court*, 21 Cal.3d 724, 729-730 (1978) (Citations omitted).  It is legally impossible for the assets of petitioner Blue Mountain Management and Marketing, Inc. to *also* belong to petitioners Rosalinda Kramer and Stuart Kramer.  The seized bank funds, which Andrew Kramer admitted were actually proceeds of narcotics trafficking, cannot belong to Blue Mountain Management and Marketing, Inc. *and* Rosalinda Kramer *and* Stuart Kramer.[2]  In addition, as proceeds of narcotics trafficking, the funds cannot belong to Blue Mountain Management and Marketing, Inc.[3]

DATED:  July 25, 2016             Respectfully submitted,

                                                       EILEEN M. DECKER
                                                     United States Attorney

                                                     */s/ Jonathan Galatzan*
                                                     JONATHAN GALATZAN
                                                     Assistant United States Attorney
                                                     Asset Forfeiture Section

                                                     Attorneys for Plaintiff
                                                     UNITED STATES OF AMERICA

---

[2] See, *U.S. v. DeGregory*, 2007 WL 949804, *1 (S.D. Fla. 2007) (shareholder does not have standing to contest forfeiture of corporation's assets because, under state law, shareholder and corporation are separate entities.)

[3] See *U.S. v. Hooper*, 229 F.3d 818, 821-822 (9th Cir. 2000) (because proceeds of a crime do not exist before the commission of the underlying offense, §853(n)(6)(a) can never be used to challenge the forfeiture of proceeds.