UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 15-00606-RGK | | Date | August 11, 2016 |
|---|---|---|---|---|

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | N/A |

| Sharon L. Williams | Not Reported | Jonathan Galatzan, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Andrew Kramer | N | X | | | | | |

**Proceedings:**   **(IN CHAMBERS) Order re: Petitioners' Ancillary Hearing**

Counsel for Petitioners: Thomas Sleisenger, Not Present

## I.   INTRODUCTION

On November 3, 2015, a plea agreement was filed in this case (DE 7) in which, at paragraph 2, Defendant Andrew Kramer agreed to forfeit to the United States immediately all of his right, title and interest in: a) any property constituting, or derived from, any proceeds Defendant Kramer obtained, directly or indirectly, as the result of narcotics trafficking, that were subject to forfeiture pursuant to 21 U.S.C. § 853 including, but not limited, to all assets listed on Exhibit 2 to the plea agreement. Kramer also admitted that the assets listed on Exhibit 2 were "the proceeds of narcotics trafficking as forth in the single count Information." The assets listed on Exhibit 2 (hereinafter the "Forfeitable Assets") were:

-$174,125.00 in U.S. Currency seized on April 16, 2013;[1]

-Real Property located at 11266 Chimineas Avenue, Porter Ranch, California (the "Chimineas Property");

-Real Property located at 620 W. Hyde Park Boulevard, Unit 114, Inglewood, California (the "Hyde Park Property");

-Real Property located at 13250-13252 Foothill Boulevard, Los Angeles, California (the "Foothill Property");

-Real Property located at 11552 Cantlay Street, North Hollywood, California (the "Cantlay Property");

-$525,752.70 in Escrow Funds seized on February 13, 2014 (the "Escrow Funds");

---

[1]   Petitioners do not make a claim of ownership as to the $174,125.00 in U.S. Currency seized on April 16, 2013.

-$171,980.37 Seized from Branch Banking and Trust Account XXXXXX9375 on June 14, 2013 (the "Branch Funds"); and

-$79,375.00 in U.S. Currency seized on April 16, 2013 (the "Currency").

On November 23, 2015, this Court accepted and entered Kramer's guilty plea. (DE 21.) On January 29, 2016, Kramer was sentenced. (DE 35.) The sentence included entry of a Preliminary Order of Forfeiture ordering the forfeiture of Kramer's

On July 21, 2016, this Court held an ancillary hearing in which petitioners Rosalinda Kramer, Stuart Kramer, Blue Mountain Management and Marketing, Inc., Private Funding Management, Inc., and Anahi Gutierrez argued that they, not Kramer are the true owners of all but one of the Forfeitable Assets. For the following reasons, the Court **DENIES IN PART and GRANTS IN PART** the Petitioners' requested relief.

## II.   JUDICIAL STANDARD

Federal Rule of Criminal Procedure 32.2(c) allows third parties to file petitions asserting interests in property that has been found to be subject to forfeiture in a preliminary order of forfeiture. The ancillary proceeding is governed procedurally by 21 U.S.C. § 853, which allows *only two* avenues of relief, requiring that a petitioner show by a preponderance of the evidence that either:

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the Preliminary Order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant, or was superior to any right, title, or interest of the defendant at the time of the commission of the acts that gave rise to the forfeiture of the property under section 853; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property that arose after the conduct that gave rise to the forfeiture, and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under section 853.

## III.   DISCUSSION

### A.   Chimineas and Hyde Park Properties

On November 19, 2012, a grant deed was recorded in the Los Angeles County Recorder's office by which the Chimneas property was conveyed by Kramer to Nevada External Properties, LLC (an entity owned and controlled by Kramer). The Chimineas property remains titled in the name of Nevada External Properties, LLC, which is not a petitioner here, despite having received notice of its right to do so. Similarly, on November 19, 2012, a grant deed was recorded in the Los Angeles County Recorder's office by which the Hyde Park property was conveyed by Kramer to Nevada External Properties, LLC. The Hyde Park property remains titled in the name of Nevada External Properties, LLC.

Petitioners testified at the hearing that they paid real estate taxes, made mortgage payments, and paid costs of maintenance, repair and improvement relating to the Chimineas and Hyde Park Properties. Petitioners contend that these payments created a resulting or constructive trust between themselves and Kramer in the properties.

"A resulting trust arises by operation of law from a transfer of property under circumstances showing that the transferee was not intended to take the beneficial interest. Such a resulting trust carries out and enforces the inferred intent of the parties." *Lloyds Bank California v. Wells Fargo Bank*, Cal. Rptr. 339, 341 (Ct. App. 1986). Here, Petitioners have not proffered any evidence that Kramer intended not to take a beneficial interest in the Chimineas and Hyde Park Properties; therefore, they do not prevail on their resulting trust theory.

"The principal constructive trust situations are set forth in [California] Civil Code sections 2223 and 2224." *GHK Associates v. Mayer Grp., Inc.*, 274 Cal. Rptr. 168, 182 (Ct. App. 1990). Section 2224 sets forth the conditions under which a constructive trust is created, "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." Cal. Civ. Code § 2224. Here, Petitioners also failed to demonstrate any wrongful conduct that would give rise to a constructive trust.

Finally, Petitioners' mere payment of taxes and maintenance fees does not create a resulting or constructive trust because "[a] resulting trust is not founded on the simple fact that money or property of one has been used by another to purchase property. It is founded on a relationship between the two, on the fact that as between them, consciously and intentionally, one has advanced the consideration wherewith to make a purchase in the name of the other." *Lezinsky v. Mason Malt Whisky Distilling Co.*, 185 Cal. 240, 251 (1921). Petitioners therefore fail to prove any ownership interest in either the Chimineas or Hyde Park Property.

### B. Foothill Property

On June 30, 2010, a quitclaim deed was recorded in the Los Angeles County Recorder's office by which the Foothill property was conveyed by Kramer to Private Funding Management, Inc. The quitclaim deed recorded on June 30, 2010 indicated: "THE GRANTORS AND THE GRANTEES IN THIS CONVEYANCE ARE COMPRISED OF THE SAME PARTIES WHO CONTINUE TO HOLD THE SAME PROPORTIONATE INTEREST IN THE PROPERTY, R&T 11923 (D)."

At the hearing, Rosalinda and Stuart Kramer demonstrated that they made payments to escrow in the amount of $194,000.00 (presumably towards the down payment), and paid property tax and various Los Angeles service providers and vendors.

The Court concludes that Private Funding Management, Inc. is not a bona fide purchaser of the Foothill Property, as it gave no financial consideration in exchange for the property. Additionally, the Court concludes that, as explained above, the payments made by Rosalinda and Stuart Kramer did not create a resulting or constructive trust. Petitioners therefore fail to prove any ownership interest in the Foothill Property.

### C. Cantlay Property

Petitioners Anahi Gutierrez and Private Funding Management, Inc. each claim all right, title, and interest in the Cantlay property.

On June 30, 2010, a grant deed was recorded in the Los Angeles County Recorder's Office by which the Cantlay property was transferred by Kramer to Anahi Gutierrez. The grant deed included the following information: "THIS IS A BONAFIDE GIFT AND THE GRANTOR RECEIVED NOTHING IN RETURN, R&T 11911."

At the hearing, Anahi Gutierrez testified that she paid money for improvements and property taxes on the Cantlay property. She also demonstrated that in May 2010, she conveyed the property to Private Funding Management, Inc.

The Court concludes that Anahi Gutierrez is not a bona fide purchaser of the Cantlay Property, as she gave no financial consideration in exchange for the property. As discussed above, the payments made by Anahi Gutierrez did not create a resulting or constructive trust. Moreover, Petitioners have not adduced any evidence that Private Funding Management was a bona fide purchaser of the Cantlay Property. Petitioners therefore fail to prove any ownership interest in the Cantlay Property.

### D. Branch Funds ($171,980.37)

Petitioners Rosalinda Kramer, Stuart Kramer, and Blue Mountain Management and Marketing, Inc. each claim all right, title, and interest in the $171,980.37 seized from Branch Banking and Trust account 9375, which account was held in the name of Blue Mountain Management and Marketing, Inc.

The evidence demonstrates that this account was originally opened with $297,000 by Kramer and a business partner. The evidence also shows that Kramer later deposited at least $250,000. Rosalinda Kramer testified that she is a signatory on the account and that she contributed $100,000.

Petitioner Rosalinda Kramer claims an ownership interest in the Branch Funds because, she asserts, the money in the account was intended as a repayment from her son, the Defendant. She also claims an interest because of the money she deposited in the account.

The Court concludes that Rosalinda Kramer has not satisfied her burden of demonstrating a superior ownership interest in the Branch Funds because she has not proffered any evidence to demonstrate that her son deposited money into that account as a form of repayment to her.

### E. Escrow Funds ($525,752.70)

Petitioners Rosalinda Kramer and Stuart Kramer each claim all right, title, and interest in $525,752.70 in escrow funds that were seized by the Government after the sale of real property located at 3420 Cordova Drive, Calabasas, California.

Petitioners testified that they paid attorney's fees and mediation costs relating to litigation arising from the proposed sale of the property.

As the Court previously stated, mere payment of fees in connection with maintenance or upkeep of a property does not create a resulting or constructive trust. Petitioners therefore fail to prove any ownership interest in the Escrow Funds.

### F. Currency ($79,375.00)

Petitioners Rosalinda Kramer and Stuart Kramer each claim all right, title, and interest in $79,375.00 in U.S. currency seized from their Granada Hills, California residence on April 16, 2013.

The factual record demonstrates that the currency was found in Rosalinda Kramer's closet at the Granada Hills residence. She testified at the hearing that various family members contributed to the fund and the purpose was to maintain a cash reserve in the event of an economic downturn or emergency. The government did not offer any contrary evidence; it simply reiterated that Kramer had given permission for the seizure of the currency.

The Court concludes that Rosalinda Kramer has demonstrated a legal interest in the $79,375.00 of U.S. currency found in her closet, as that fund represents commingled contributions of various family members—not an individual amount belonging solely to Kramer.

## IV. **CONCLUSION**

In light of the foregoing, the Court **DENIES** Petitioners' claims as to the following properties:

- Real Property located at 11266 Chimineas Avenue, Porter Ranch, California (the "Chimineas Property");

- Real Property located at 620 W. Hyde Park Boulevard, Unit 114, Inglewood, California (the "Hyde Park Property");

- Real Property located at 13250-13252 Foothill Boulevard, Los Angeles, California (the "Foothill Property");

- Real Property located at 11552 Cantlay Street, North Hollywood, California (the "Cantlay Property");

- $171,980.37 Seized from Branch Banking and Trust Account XXXXXX9375 on June 14, 2013 (the "Branch Funds"); and

- $525,752.70 in Escrow Funds seized on February 13, 2014 (the "Escrow Funds").

The Court **GRANTS** Petitioner Rosalinda Kramer's claim as to the following

- $79,375.00 in U.S. Currency seized on April 16, 2013 (the "currency").

**IT IS SO ORDERED.**

:

Initials of Deputy Clerk    slw

cc:   Fiscal